## Soule *vs.* Corning.

Where a complainant is proceeding in a suit in equity, and in an action at law for the same subject matter, the defendant is not entitled to an order to compel him to elect in which suit he will proceed, until such defendant has fully answered the complainant's bill.

The complainant cannot be required to elect, while a demurrer or plea to the bill, or an exception to the defendant's answer for insufficiency, remains undisposed of.

Where the complainant in the suit in equity is the real plaintiff in the action at law, it is not a valid objection to an application, by the defendant, to compel the complainant to elect in which suit he will proceed, that the action at law is brought in the name of another person, as the nominal plaintiff.

THIS was an application, on the part of the defendant, to compel the complainant to elect, whether he would proceed in this suit, or in an action at law which had been commenced by the complainant, in the name of another person, as was alleged, for a part of the same subject matter for which this suit was brought. The defendant had demurred to the complainant's bill, and the demurrer was still pending and undecided, at the time the appliaction was made to compel the complainant to elect.

Soule v. Corning.

*B. Davis Noxon,* for the complainant.

*M. T. Reynolds,* for the defendant.

THE CHANCELLOR.    The affidavit upon which this motion is founded, states that the suit at law is brought, by the complainant, for his own benefit, in the name of Scroepel, as the assignee of the latter.    And I am of opinion that the mere fact that the nominal plaintiff, in the suit at law, is a different person from the complainant here, affords no sufficient reason for refusing an application to compel the complainant to elect. The application, however, is premature, while the demurrer in this suit is undisposed of.    The rule is stated in all the books of practice, and in reported cases, to be that the defendant is not entitled to an order to elect, until he has fully answered the complainant's bill.    In *Tillotson* v. *Ganson,* (1 *Vern. Rep.* 103,) an order, that the complainant should elect, was discharged as irregular, because it was obtained before the defendant had answered.    And in *Brown* v. *Poyntz,* (3 *Mad. Rep.* 24,) Sir John Leach discharged an order, to elect, which had been obtained during the pendency of exceptions to the defendant's answer for insufficiency ; upon the ground that the complainant was entitled to a complete answer, to enable him to decide in which court it would be most advisable to prosecute his claim.

In the case of *Vaughan* v. *Welsh,* (*Mosel. Rep.* 210,) Lord King discharged an order to elect, which had been obtained before the argument of the defendant's plea.    And a similar decision was made by the same chancellor, a few months afterwards, in an *anonymous* case, where the defendant had pleaded in bar of the relief sought by the complainant's bill.    (*Idem,* 304.)    In this last case, his lordship observed, that the order to elect went upon the supposition that the complainant had an election to proceed in either court ; and yet the defendant had pleaded matters to show he had no relief in equity.    Therefore the complainant was not bound to make his election until that plea was argued.    And in *Fisher* v. *Mee,* (3 *Mer. Rep.* 45,) Lord Eldon discharged an order to elect, where the defendant had

pleaded in bar to a part of the relief sought by the bill, and had answered as to the remainder; which plea had not been disposed of by the court. For, as was observed by Sir Samuel Romilly, in that case, the complainant could not except, so as to obtain a full answer, until the plea was disposed of; and the defendant could not call upon the complainant to elect until he had answered fully.

The reasons for refusing an order to elect, during the pendency of the question whether the matters of a plea are not sufficient to bar all relief whatever in this court, so as to leave no case for election unless the allegations in the plea are denied, apply still more strongly to the case of a demurrer to the whole bill. For, as the order to elect proceeds upon the supposition that, if the allegations in the complainant's bill are true, he has a concurrent remedy in this court and in the suit at law, it is evident that he should not be called on to elect before answer; and while the defendant, by his demurrer, is insisting that he is not entitled to any relief in this court. If the demurrer should be allowed in this case, therefore, the bill will be dismissed, and no motion to elect will be necessary. And if the demurrer is overruled, or the complainant is allowed to amend, the defendant must put in a full and perfect answer before he can call upon the complainant to elect.

Motion denied with $10 costs.