## STERNS AND WIFE, EX PARTE.

1. To authorize the court to compel an election, when suits at law, and in chancery, have been instituted for the same cause of action, the plaintiff at law, and in equity, must be the same person; consequently, an election will not be ordered, when one party has proceeded in the orphans' court for a partition of lands, and obtained a decree for partition, and the other is proceeding in chancery for the same object, although the latter is prosecuting a writ of error to the supreme court, from the decision of the orphans' court.

Motion for a *mandamus* to the chancellor sitting at Dadeville. Before the Hon. W. W. Mason.

W. W. MORRIS, for the petitioners.

1. *Mandamus* is the proper remedy. P. and M. Bank v. Willis & Co. 5 Ala. 770; same v. Walker et al. 7 Ib. 926.

2. The 36th rule of chancery practice is cumulative, and does not abrogate the law as it existed before.

3. The object of the rule is to prevent vexatious litigation. Here, the party is moving to attain the same object in two separate courts; he seeks to evade the barrier which the partition in the orphans' court erects as a bar to the chancery proceeding. 1 Smith's Chan. Prac. 561; Rogers v. Vosbugh, 4 Johns. Ch. Rep. 84; Livingston v. Kane, 3 Ib. 22; Gibbs v. Perkinson, 4 Hen. & Munf. 415.

2. By suing out the writ of error, Bryant and another became plaintiffs. They are also complainants in chancery. They are prosecuting in both courts at the same time, and strictly within the rule. But if otherwise, the spirit and intention of the law, irrespective of the rule, will restrain them. Suing out a writ of error is the commencement of a new action. Gregg et al. v. Bethea, 6 Por. 9, and cases cited; 1 Smith's Ch. Prac. 561.

S. F. RICE, contra.

COLLIER, C. J.—The transcript before us is professedly imperfect; yet it informs us that the petitioners had proceeded before the orphans' court of Tallapoosa to obtain a partition of certain lands; that the petitioners and Needham Bryant et al. were parties to that proceeding; that partition had been ordered and made, and that Needham Bryant et al. had sued out a writ of error, which is now pending in this court: *Further*, Needham Bryant et al. have filed their bill in the chancery court at Dadeville, praying that the same lands may be partitioned amongst the heirs of Wm. Bryant, deceased; that the object of the suit in the orphans' court, and the court of chancery, is identical, in respect to the same subject matter, and that the parties to the former proceeding are all brought before the court in the latter. A motion was made to the court of chancery to compel the complainants to elect whether they will abide by the decree of the orphans' court, and dismiss their writ of error, or whether they will prosecute their suit in chancery.

This motion, it is insisted, should have been sustained under the 36th rule of chancery practice, and even independent of it. That rule provides as follows: " Where a suit at law, and a bill in chancery, are instituted for the same claim or demand, the defendant on suggestion, supported by affidavit, may move the court to inspect the records, and if it appear that the two suits are for one and the same cause of action, it shall be ordered that the plaintiff elect in which he will proceed, and that he dismiss the other." Clay's Dig. 616.

It is certainly true that a writ of error may for some purposes be considered a new action. 2 Wms. Saund. 101, note 1, g. Thus, where a party dies pending a cause in an appellate court, if the cause of action survives, it may be revived under the statutes which provide for the revival of suits. Gregg et al. v. Bethea, 6 Port. Rep. 9. But it must also be regarded as the continuation of the cause which was instituted in the primary court, although the defendant becomes the actor in its removal to the appellate tribunal.

Surely it is competent for a party who supposes himself aggrieved by the judgment or decree of a court to which he was a defendant, to seek its revision and correction. In such a proceeding, the defendant is merely making a defence on

appeal which was disallowed, or pretermitted in the primary jurisdiction, and cannot, so far as his rights are concerned, be considered as standing in the same predicament as if he was the original suitor.

It is conceded, as indeed it must be, that the decree of partition in the orphans' court interposes no barrier to the suit in chancery, if the complainants have grounds of equitable relief which are not foreclosed by that decree—in respect to the equity of the bill, it was not permissible to inquire upon the motion to coerce an election.

Perhaps, it may be important to the relief sought by the complainants, that the decree of the orphans' court should be vacated; if so, there is certainly nothing either in the letter or spirit of the rule in question, which inhibits the prosecution of a writ of error for that purpose. The rule contemplates that the motion to elect shall be made by the defendant; consequently, the plaintiff at law and in equity must be the same person. We have seen that the petitioners themselves were the actors in the orphans' court, while the defendants there are the suitors in chancery, and that the change of the position of parties, is in effect a mere transposition of names, to enable the defendants to make defence against the decree of the orphans' court.

We will not stop to inquire what is the course of practice in the English chancery upon a question of the election of remedies. Our own rule provides for the subject, and is exclusive of any rule of practice there recognized. See 51st rule of chancery practice, Clay's Dig. 618.

The motion for a *mandamus* is consequently denied.