McRae v. Singleton.

## McRAE *vs.* SINGLETON.

[BILL IN EQUITY BY DISTRIBUTEES, AGAINST REPRESENTATIVES OF ADMINISTRATORS, FOR RECOVERY OF SLAVES, ACCOUNT OF HIRE, &c.]

1. *Election to proceed at law or in equity.*—Where a bill in chancery is filed by the surviving brothers and sisters of a decedent, jointly with the administrator of his several deceased brothers and sisters, for the recovery of slaves which they claim as distributees and next of kin of the decedent, together with an account of the hire and profits; and an action at law, for the recovery of the same slaves, is afterwards brought by the administrator of the decedent, who was also the administrator of the several deceased brothers and sisters of the decedent; but it is not shown that the action at law was instituted at the instance of, or for the benefit of the complainants in the chancery suit,—a case is not presented for an election.

APPEAL from the Chancery Court of Shelby. Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed by John W. McRae, as the administrator of the respective estates of James Henderson, deceased, Mary Shiflett, (formerly Mary Henderson,) deceased, and Judy Shiflett, (formerly Judy Henderson,) deceased, together with Francis Henderson, R. Strother Henderson, Pickett Shiflett in right of his wife Sarah, and Sarah Shiflett, (formerly Sarah Henderson,)

20

against William Singleton, both individually and as one of the executors of John Singleton, deceased, W. W. Kidd, as executor of said John Singleton, Hu. L. W. Singleton, as legatee under the will of said John Singleton, Jeremiah Lewis, both individually and as one of the administrators of Simeon Henderson, deceased, and William Henderson. The complainants were surviving brothers and sisters of Simeon Henderson, deceased, and the personal representative of such of his deceased brothers and sisters as had died since his decease; while the defendant Lewis and John Singleton, deceased, were the administrators of said Simeon Henderson, and said Singleton also married the widow of said Henderson. William Henderson, one of the defendants, was also a brother of said Simeon Henderson, deceased. The object of the bill was to recover several slaves, whom the complainants claimed either as next of kin of said Simeon Henderson, or as remainder-men under his will, together with an account of their hire and profits. Simeon Henderson died in Shelby county, the place of his residence, in 1843, leaving a widow, but no children or the descendants of children, surviving him. By his nuncupative will, which was duly admitted to probate after his death, he bequeathed all of his property to his widow, "to live on it and enjoy it during her natural life, and at her death to be divided amongst *them,* or as she thought proper." The complainants insisted, that the word *them,* as used in this clause of the will, was intended to refer to the testator's surviving brothers and sisters, or that the remainder was void for uncertainty; and consequently, that they were entitled to the property, on the termination of the widow's life estate, either as remainder-men under the will, or as distributees and next of kin under the statute.

The property which passed under the will of said Henderson consisted chiefly of two slaves, Malinda and Sally by name. Letters of administration on his estate were granted, on the 16th September, 1843, to John Singleton and Jeremiah Lewis; and the former soon afterwards married the widow. The administrators sold the two slaves under an order of the probate court, and the widow

became the purchaser; but the validity of the sale was impeached by the complainants as an intended fraud on their rights. In December, 1845, Singleton filed his accounts and vouchers for a final settlement, and in May, 1847, a decree was rendered by the probate court, without notice to the complainants as they alleged, which recited that said Singleton, in right of his wife, "was the only legatee of said estate," and ordered "that he be discharged from said administratorship, and be permitted to .retain the assets of said estate." In September, 1847, the decedent's widow (then Mrs. Singleton) died, leaving no children or their descendants. Singleton retained the slaves and other property, claiming them in his own right, until his death in July, 1854; and then bequeathed the slaves to Hu. L. W. Singleton and Sarah W. Singleton, his children. The will of said John Singleton was duly admitted to probate on the 13th August, 1854, and letters testamentary were granted to William Singleton and W. W. Kidd as his executors. One of the slaves was sold by the executors, under the provisions of the will, and was purchased at the sale by said William Singleton, who afterwards sold her to said Jeremiah Lewis; and the other slaves, when the bill was filed, were in the possession of William Singleton and Hu. L. W. Singleton, claiming under the will of John Singleton. William Henderson was made a defendant, on the ground that the executors of John Singleton set up a pretended conveyance of the slaves by him, acting for himself and as agent of several of the complainants; which conveyance the complainants insisted, if in fact executed by said Henderson, was without consideration, and without any authority from the persons for whom he pretended to act as agent.

The prayer of the bill was as follows: "Complainants pray that, upon a final hearing, the said purchase of the slaves Malinda and Sally by Mrs. Sarah Henderson, at the sale by the administrators of Simeon Henderson, may be set aside, as being contrary to law, fraudulent, and void; that the said pretended conveyance to John Singleton, purporting to have been executed by said William Henderson, may also be set aside, and declared null and void,

so far as complainants can be in any manner affected thereby; that the said William Singleton and W. W. Kidd, as executors of said John Singleton, may be made to account for the use of said negroes, from the death of Mrs. Sarah Singleton, to the death of said John Singleton, and also for the time they have had the use or possession of said negroes, or any of them, since the death of said John Singleton; that the said Hu. L. W. Singleton and Jeremiah Lewis may be compelled to account for the value of the hire of any of said negroes that may have been in their possession since the death of said John Singleton; that each one of the defendants who have said negroes in their possession at this time, or who have had them in possession since the complainants' rights thereto accrued, may be held bound for them, or their value in the event that they are not forthcoming to abide the final decree in this cause; that in the event said sale shall not be declared void as to these complainants, said executors and Jeremiah Lewis be held to account to them for the assets of the estate of said Simeon Henderson, which remained in their hands unadministered at the death of Mrs. Sarah Henderson; that an account may be taken, and said slaves be ordered to be delivered up, and a sale of them to be had, and complainants' interest therein be paid over to them; and for such other and further relief as shall seem meet and consistent with the rules of equity."

The bill was filed on the 20th September, 1856. On the 6th August, 1857, John W. McRae, as the administrator of Simeon Henderson, deceased, instituted an action of trover against Jeremiah Lewis, to recover damages for an alleged conversion of the negro woman Sally and her three children; and an action of detinue against William Singleton, to recover the woman Malinda and her three children, together with damages for their detention. Thereupon, the defendants in the chancery suit moved the chancellor to compel the complainants to elect, whether they would proceed with these actions at law, or with their bill in equity in this case. Affidavits being dispensed with, the motion was submitted to the chancellor on the original papers in this cause, certified tran-

scripts of the proceedings in the actions at law, and an admission of counsel as to the identity of the slaves in controversy in the two courts.   The chancellor sustained the defendants' motion, and his decision is now assigned as error.

ALEX. & JNO. WHITE, for appellants.

BYRD & MORGAN, *contra.*

STONE, J.—The decretal order of the chancellor recites that affidavits were dispensed with, on the motion made in this cause to compel the complainants to elect whether they would proceed in chancery, or prosecute the suits at law instituted in the circuit court.   The motion was submitted on the original papers in this cause, transcripts of the papers in the circuit court suits, and the agreement of counsel, that certain named slaves, mentioned in the pleadings in this suit, are identical with those bearing the same names, which are mentioned in the pleadings in the suits at common law.

The suits at common law are prosecuted in the name of John W. McRae, as administrator *de bonis non* of Simeon Henderson, deceased; and the complainants in this suit are certain other persons, who alleged that they are the next of kin to the said Simeon Henderson.   The name of John W. McRae, as administrator of some of the alleged distributees, appears as one of the complainants; but the administrator *de bonis non* is not a complainant in this suit.

We are satisfied that, as this case was presented to the chancellor, there was not enough to show that the suits at law and the bill in chancery were instituted for the same claim or demand; and hence the complainants should not have been put to their election.—Rule 107 of chancery practice, 24 Ala. xxiv; Sterns and Wife, *Ex parte* 14 Ala. 597; 2 Dan. Ch. Pr. 961; Anon. 1 Vesey, Jr. 91; *Ex parte* Hilton, 1 Jac. & Walk. 450.

We need not, and do not, announce what would be our opinion, if the record contained evidence that the suits at law were brought at the instance, and for the benefit of

the complainants in this suit. The record contains no affidavit, or other evidence, which enables us to assert as a fact that such is the case. This subject was considered by Ch. Walworth, in Soule v. Corning, 11 Paige, 412.

For the error above pointed out, this cause must be reversed.

It is contended for appellees, that the decree pronounced by the chancellor, in dismissing the bill of complainants, should be affirmed, because of repugnancy and uncertainty of averment, apparent on the face of the bill. We cannot perceive that there is any repugnancy. Under each phase of the bill, the complainants are entitled to equal and identical relief.

The question of uncertainty depends on the construction of the nuncupative will. In other words, it depends on the inquiry, whether the pronoun *them* stands in the place of, and designates the present complainants, or whether the clause of the will, commencing with the words *at her death,* is void for uncertainty. If it is void, then the averments of this bill clearly show that the complainants are the next of kin, and properly the actors in this suit. On the other hand, if the bequest is not void for uncertainty, then the simple assertion of their right in the disjunctive, is not enough to avoid or defeat the bill. Whether the bequest is or is not void for uncertainty, is a question which has not been argued; and we decline, in the form in which the question is presented, to consider it. This question is somewhat considered in 1 Roper on Legacies, 176, *et seq*.

Without intending to decide any other question than the one first above considered, the decree of the chancellor is reversed, and the cause remanded.