## BOTTS v. COZINE.

---

Where a party is complainant in equity and defendant (upon the same matter) at law, he cannot be compelled to make his election—it is not as if he were plaintant in both courts.

---

In the month of January one thousand eight hundred and thirty-four, the defendant, John Cozine, brought an action of ejectment against Joseph Burtis, a tenant of the complainant, Alexander L. Botts, to recover certain premises in Queens County; issue was joined, but a verdict by default was had; judgment docketted for Cozine; and possession given under a writ of possession.

*April 4th.*
1836.

*Election.*

The present complainant, Alexander L. Botts, filed his bill in this cause against the defendant, John Cozine, in the month of June last. He claimed therein a right to the lands embraced by the ejectment; set forth the circumstances connected with the action and suggested surprise; averred that he could not have adequate relief by a new trial or otherwise at law; and prayed that the defendant should release the premises and also be restrained from taking further measures upon his verdict.

A motion was now made, to require the complainant to elect whether he would proceed at law in the action of ejectment and now pending or in the suit in this court.

Mr. *J. A. Lott*, for the complainant.

Mr. *Fessenden*, for the defendant.

THE VICE-CHANCELLOR:—A court of law can grant a new trial in ejectment, where a judgment has been rendered by default, provided such court is convinced that justice will

be promoted and the rights of parties more satisfactorily ascertained and established, and this can be done at any time within five years after the docketting of the judgment: 2 R. S. 309, § 38. And in ordinary cases of ejectment, a court of law will allow of two new trials: Ib. § 37. Thus, a legal tribunal has power to do complete justice in actions of ejectment. But the present motion is not made upon the merits. It goes upon a point of practice in relation to election of remedies; and to this it has been objected that this court will not put a party to his election where he is complainant in the one case and defendant in the other—that he shall not be compelled to stand upon his defence at law or upon his complaint in chancery—that he must be plaintiff at law and complainant in equity in order to let the rule of election apply. That this is the right doctrine seems perfectly clear; and the present motion must be refused, with costs.