## COUNTY OF ORANGE.

### FEBRUARY TERM, 1844.

[Continued from Vol. 16, page 550.]

---

### PRESENT.

Hon. CHARLES K. WILLIAMS, Chief Judge.
Hon. STEPHEN ROYCE,
Hon. MILO L. BENNETT, } Assistant Judges.
Hon. WILLIAM HEBARD,

---

### Stephen Thomas v. Thomas W. Freelon.

The pendency of another appropriate and prior action for the same cause, though it may be in a different court, is a proper and sufficient matter to be pleaded in abatement of the second suit; but it is essential that both suits be in favor of the same plaintiff.

Therefore where, to an action brought by the indorsee of a promissory note, the defendant pleaded in abatement the pendency of a prior action against him upon the same note, brought by the payee of the note, in his own name, while he was the owner of the note, and before any indorsement of it had been made, it was held that the plea was insufficient.

Thomas *v.* Freelon.

Assumpsit upon a promissory note executed by the defendant, brought by the plaintiff as indorsee of the note, and which came to the county court by appeal.

The defendant pleaded in abatement, in substance, that, prior to the commencement of this action, the payees of the note, who then owned it, and before any transfer of it had been made, commenced an action against him upon the same note, before a justice of the peace, which action was pending against the defendant before the said justice at the time of the transfer of the note to the present plaintiff, and at the time of filing this plea. To this plea the plaintiff demurred specially. Various causes of demurrer, in respect to the form of the plea, were pointed out and insisted upon by the counsel for the plaintiff; but as no decision was made by the court in reference to them, it becomes unnecessary to detail them here.

The county court decided that the plea was insufficient; to which decision the defendant excepted.

*H. Burton* and *A. Howard, Jr.*, for defendant.

The plea alleges, that, at the time of the praying out and the service of this writ, a prior action was pending on the same note, in the name of the payees and assignors of said note against this defendant. We contend, that the law will not permit a number of actions to be pending against the maker of a note in the name of the payee and assignee at the same time. If it is said but one judgment can be recovered on the note, and the defendant can plead in bar to the other actions, the same may be said in all cases, when the action is between the same parties. When the statute gives a *qui tam* action, to recover a penalty, or forfeiture, to a common informer, which is regularly pending, a subsequent prosecution, to recover the same forfeiture, shall abate. *Morton* v. *Webb,* 7 Vt. 123. Ham. N. P. 96. *Commonwealth* v. *Churchill,* 5 Mass. 174. *Commonwealth* v. *Cheney,* 6 Mass. 349. *Commonwealth* v. *Howard,* 13 Mass. 221. 1 Bac. Abr. 13, 14. Gould's Pl. 283—287.

It appears by the pleadings, that the payee, at the commencement of the first action, was the owner of the note, and that the assignment was not made until after the first action was entered in court.

The plaintiff, by the assignment, took all the interest in the first action, and could have prosecuted it to judgment, and the payee could not discharge it. It was an abuse of legal process in the plaintiff, to harrass and vex the defendant with this action. *Lampson* v. *Fletcher,* 1 Vt 168. *Strong* v. *Strong,* 2 Aik. 373. *Newell* v. *Adams,* 1 D. Ch. 346. *Parker* v. *Kendall,* 3 Vt. 540. *Cummings et al.* v. *Fullam,* 13 Vt. 434. *Sherwood* v. *Francis,* 11 Vt. 204.

*Parker* for plaintiff.

The identity of the parties in the two suits is not alleged ; but the plea shows that they are not the same. 5 Dane's Abr. 712, Art. 11, sect. 1.

The opinion of the court was delivered by

ROYCE, J.   Pleas in abatement are not designed to try a question of title to the thing sought to be recovered, but merely to test the form and regularity of proceeding. It is even said, that, for the time being, they impliedly admit the plaintiff's cause of action. 1 Sw. Dig. 606. And for the reason, that, in general, their object is not to contest the right alleged, but to embarrass and delay the trial of it, they are construed strictly, and no intendments are made in their favor.

The pendency of another appropriate and prior action for the same cause, though it may be in a different court, is a proper and sufficient matter to be pleaded in abatement of the second suit. And if there is no priority in the impetration, or service, of the respective writs, it has been holden that the pendency of each suit may be pleaded in abatement of the other. But the ground, on which pleas of this sort are allowed, is not so much the danger of two recoveries for the same cause of action, as the apparent vexation and oppression of instituting two suits, when one would answer every just purpose. To sustain such a plea it is therefore essential, not only that the cause of action be the same in both suits, but that they be in favor of the same plaintiff. As it is no plea that another action for the same cause is pending against a stranger, [Hob. 137,] so neither is it sufficient that such an action is pending in favor of another party. Saund. Pl. & Ev. 119, and cases there cited. And

to this effect are all the precedents. Saund., as above cited, 2 Chit. Pl. 467, 2 Sw. Dig. 585, 1 Lil. Ent. 2 & 3. The two actions in this instance were in favor of different plaintiffs, each claiming, for aught that appears, in his own right; and it was quite beyond the legitimate scope of a plea in abatement, to determine which plaintiff had the better title. As this is a sufficient ground for adjudging the plea bad, we have no occasion to examine the other causes of demurrer which are assigned.

Judgment of county court affirmed.