MURRAY MCCONNELL *et al.*, plaintiffs in error, *v.* JOSEPH STETTINIUS *et al.*, defendants in error.

*Error to Sangamon.*

To entitle the defendant to plead the pendency of a former suit in abatement, it is not always necessary that both suits should be between the same parties. It is sometimes sufficient, if the subject matter of both suits is the same.

It is well settled, that the mere giving a negotiable note, or its indorsement to a third person, does not extinguish the original cause of action, if the payee can show that the note has been lost, or can produce it upon the trial to be cancelled.

The acceptance of a promissory note is *prima facie* evidence of satisfaction of an account, and no recovery can be had upon the old indebtedness without some explanation, or giving some account of the note.

In a suit against two joint debtors, a notice of the issuing of a commission to take depositions to one of them is insufficient, and the deposition cannot be used against him who is not served with notice.

ASSUMPSIT, originally brought in the Morgan Circuit Court by the defendants in error against the plaintiffs in error. By agreement, the venue was changed to Sangamon county, and the cause was there tried before the Hon. Samuel H. Treat, at the March term 1845, without the intervention of a jury. Judgment for the plaintiffs below for $753·68.

The substance of the pleas is stated in the Opinion of the Court.

*J. A. McDougall,* and *M. McConnell,* for the plaintiffs in error.

I. There was error in the rendition of a judgment for

plaintiffs below, a plea in bar remaining unanswered by the plaintiffs below.

II.   The bill of exceptions shows that there was no evidence against McConnell on account stated.

*First.*   There is no sufficient evidence of there ever having been a partnership between defendants below, and

*Second.*   The only evidence of an account stated is Vansyckel's note.   It is evident that this was but the act of one partner after the dissolution, and was not binding on McConnell.   *Hackley* v. *Patrick,* 3 Johns. 536, the leading American case; *Hopkins* v. *Banks,* 7 Cowen, 653; *Gleason* v. *Clark,* 9 do. 59; *Baker* v. *Stackpole,* Ib. 420; *Walden* v. *Sherburne,* 15 Johns. 423; *Walker* v. *Duberry,* 1 A. K. Marsh. 189; *Story* v. *Barrell,* 2 Conn. 665; *Rootes* v. *Welford,* 4 Mun. 215; *Levy* v. *Cadet,* 17 Serg. & Rawle. 126; *Belote* v. *Wynne,* 7 Yerger, 534; *Bell* v. *Morrison,* 1 Peters, 372–3; Gow on Part., 196, note; Story on Partnership, 460–2; note, 462, 468–9; *Yandes* v. *Lefavour,* 2 Blackf. 371.

*Third.*   The authorities that follow the English decision, require proof of the original indebtedness.   What was the original consideration? bills of exchange; there is no proof of bills of exchange.   This acknowledgment of Vansyckle is only binding by reference back to the original debt, and could not be evidence against McConnell of a contract made by him at the time of the account stated, Vansyckel then having no authority to contract for the firm.   Here they seek to recover upon a contract *subsequent* to the dissolution after and independent of the accruing of the original indebtedness.

III.   The nominal plaintiffs in this cuase have no right of action; they, by taking a note and assigning it without recourse, lost all interest in the original contract and extinguished the original indebtedness.   *Tempest* v. *Ord,* 1 Mad. 59.   Where vendor takes a bill out and out, he cannot resort to the original consideration; 3 Camp. N. P. C. 352; 4 Cowen & Hill's notes to Phillips, 107, note.   In this case, I. Smith Homans had no right to resort to the original consideration between him and nominal plaintiffs.   What claim can he ave to do so as against us?

IV. The issue, that the interest in the note was in others than plaintiffs below, is sustained by evidence. The record shows that Stettinius & January have nothing to do with this case, and that the actual plaintiffs have used their names, and for this purpose have made a nominal transfer, but not delivered the note.

V. The depositions were not sufficient, there being notice to only one defendant.

*J. J. Hardin & D. A. Smith,* for the defendants in error.

Taking a new note and giving up an old one, is not considered as payment of first note, and suit may be brought on the old note. *Olcott* v. *Rathbone,* 5 Wend. 490; *Van Ostrand* v. *Reed,* 1 do. 424; *Hughes* v. *Wheeler,* 8 Cowen, 77; *Raymond* v. *Merchant,* 3 do. 147; *Burdick* v. *Green,* 15 Johns. 247; *Putnam* v. *Lewis,* 8 do. 389; *Tobey* v. *Barber,* 5 do. 68; *Murray* v. *Gouverneur,* 2 Johns. Cases, 438; *Schermerhorn* v. *Loines,* 7 Johns. 311; *Johnson* v. *Weed,* 9 do. 310; *Holmes* v. *D'Camp,* 1 do. 34; *Muldon* v. *Whitlock,* 1 Cowen, 306; 2 Starkie on Ev. 184; 4 Mass. 93; *Smith* v. *Rogers,* 17 Johns. 340.

The pendency of the suit in the U. S. Circuit Court is no bar to another action. *Walsh* v. *Durkin,* 12 Johns. 99; *Haight* v. *Holly,* 3 Wend. 252; *Wheeler* v. *Raymond,* 8 Cowen, 311, note *a.*

A party is not bound to prove a real interest in the note sued on. It is sufficient to have the legal title. *McHenry* v. *Ridgely,* 2 Scam. 310.

The Opinion of the Court was delivered by

PURPLE, J. The defendants in error, who were plaintiffs below, brought an action of *assumpsit* against the plaintiffs in error, who were defendants below, in the Circuit Court of Morgan county, and by agreement the venue was changed to the county of Sangamon. The declaration charges in the first count, that the defendants below, on the 12th day of July, 1842, being indebted to the plaintiffs below in the sum of $1154.26, according to an account attached, in consideration

thereof, then and there undertook and promised to pay that sum on demand, and though requested, refused. Then follow the common money counts, and the copy of the account referred to in the first count.

Vansyckel appeared and pleaded in abatement, that on the 18th day of August, 1842, plaintiffs and defendants accounted together; that there was found due the plaintiffs below, on such accounting, the sum of $1154·26, and that he, Vansyckel, for the defendants below, executed a note for the balance as follows:

"$1154·26. St. Louis, Mo. July 18, 1842. On the 26th day of October next, we promise to pay to the order of Stettinius & January eleven hundred and fifty four dollars $\frac{26}{100}$ for value received, without defalcation or discount, with interest from date at the rate of ten per cent. per annum.

McConnell & Vansyckel,
Per H. W. Vansyckel, in liq."

That plaintiffs below accepted this note in payment and final settlement of account declared on; that on the 13th day of April, 1843, said plaintiff sold said note to Isaac Smith Homans, and indorsed the same to him without recourse and delivered the note to him, and he became the exclusive legal owner of the same; that, at that date, Homans was a citizen of Missouri, and said defendants citizens of Illinois; and that on said day Homans commenced a suit on said note in the United States Circuit Court for the District of Illinois; that summons therein had been served on said defendants, and that said suit is still pending and undetermined. This plea was demurred to for duplicity. The demurrer was sustained on the 22d day of November, 1844, and Vansyckel failing to answer further, judgment was rendered against him on the demurrer.

McConnell pleaded the general issue, payment, and several special pleas, the substance of which were, that he and Vansyckel disolved partnership on the 4th day of January, 1842; that Vansyckel accounted with the plaintiffs below and gave the notes set out in the plea in abatement, for the debt here sued upon; that said plaintiffs assigned the note to

Homans without recourse upon them, and averred that said plaintiffs had not, at the commencement of this suit, any interest in the claim sought to be recovered, or in said note. To these pleas the plaintiffs below replied that, "at the commencement of the suit, they had the interest in and the possession of the said note, use, &c."

On the 5th day of October, 1844, said plaintiffs notified McConnell that a commission would be issued to take the depositions of several witnesses, residing in St. Louis, Mo. The commission issued on the 15th day of the same month. No notice was served on Vansyckel, and no cross interrogatories were filed. The depositions were taken and returned, and before the trial, McConnell filed exceptions to the depositions, one of which was, that no notice had been served on Vansyckel, his co-defendant, of the issuing of the commission. The record does not show that McConnell, or any other person at any time, appeared as attorney for Vansyckel. The Court overruled the exceptions to the depositions, and McConnell excepted. Upon the trial, the plaintiffs below produced the note before mentioned, and offered to deliver it up to be cancelled.

The questions presented by the record are, *first*, whether the plea in abatement, filed by Vansyckel, was a good plea; *second*, whether the assignment of the note by plaintiffs below to Homans, without recourse, operated as an extinguishment of the original indebtedness, or cause of action for which the note had been given, so as, under the circumstances, to bar the said plaintiffs from maintaining this suit; and *third*, whether the exceptions to the depositions were properly overruled.

We are of opinion, that the demurrer to the plea in abatement was properly sustained. To entitle a defendant to plead the pendency of a former suit in abatement, it is not always necessary that both suits should be between the same parties. It is sometimes sufficient, if the subject matter of both suits be the same. In *qui tam* actions for the recovery of penalties, where any person may sue, if a prosecution is once commenced and pending, and a subsequent suit is brought for

the same cause of action in the name of another, if the first could not be pleaded in abatement, there would be no end to the recovery of penalties for one violation of the law. Or if one give a note for borrowed money to A., which A. assigns to B., and B. commences a suit upon the note, it would be absurd to hold that A. would still have his right of action for the money borrowed, after he had parted with all his interest in the note, because the suits were not between the same parties. The rule of law is based upon the principle, that a debtor shall not be harrassed with a multiplicity of suits for the same cause of action; and it is too late, after the plea has been filed, for the plaintiff to dismiss his suit and then reply this fact. If the plea be true when pleaded, it shall stand.

But this plea contains matters, which, if well pleaded, would constitute two separate and distinct defences, the one in bar, and the other in abatement of action. It alleges that Vansyckel and plaintiffs below accounted together; that a note was taken for this same account now sued upon, and received in full payment and satisfaction of the same. This, if true, would be a bar to this action, and the original demand could not be recovered unless the note was produced and cancelled. The plea also contains the distinct allegation that there is a prior suit pending for the same cause of action, which, if true, would abate the suit. All the facts necessary to show the commencement and pendency of the former suit, and that it was for the same cause of action, might properly have been set out in this plea. These would only tend to establish the single point necessary to a complete defence, and would not render the plea liable to the objection of duplicity. But the allegation that the note was received in payment and satisfaction is material and traversable, and, if true, would bar the plaintiffs' right to recover, and cannot be treated as surplusage. Either point, being traversed or denied in the replication, would still defeat the plaintiffs below. If they had denied the pendency of the former suit, they would thereby have admitted that the note was received in payment of the

McConnell *et al. v.* Stettinius *et al.*

account sued on; and if they had denied or traversed this, they would have admitted the pendency of the former suit. For these reasons the demurrer to this plea was properly sustained.

Upon the second point, whether the assignment of the note to Homans, without recourse, operates as an extinguishment of the original indebtedness. A distinction is attempted to be drawn between such a case, and one in which the note is passed in the usual course of business by indorsement, which leaves the indorser liable in default of payment by the maker. It is well settled, that the man giving a negotiable note, or its indorsement to a third person does not extinguish the original cause of action, if the payee can show that the note has been lost, or can produce it upon the trial to be cancelled. The acceptance of a promissory note is *prima facie* evidence of satisfaction of an account, and no recovery can be had upon the old indebtedness without some explanation, or giving some account of the note. *Burdick* v. *Green,* 15 Johns. 247; *Smith* v. *Rogers,* 17 do. 340; *Hughs* v. *Wheeler,* 8 Cowen, 78. What is there to exempt this case from this just rule of law? The basis of these decisions are, that when a party has once become indebted, he shall not be discharged until the debt has been actually paid, unless the debtor, by some act or conduct of the creditor, has been placed in a worse condition. Wherein have the defendants below in this suit been damnified, admitting the statements of the pleas to be true, so far as they are not traversed? Vansyckel settled the account, gave a note for the sum due; the note is sold to Homans without recourse; a suit is commenced on the original debt; the note is brought into Court and offered to be surrendered to the makers, and one of the original debtors insists, that because the note, which was not signed by nor binding upon him, had passed from the payee without any liability against him as indorser, that, therefore, the debt for which he was once liable is paid. We cannot understand the reason of this distinction. By the same course of argument it might be shown, that an indorser, who was the payee of a promissory note, and who

has been discharged as indorser from want of notice or diligence on the part of the holder, could not be allowed to take up a note which had been transferred by him for a valuable consideration, and resort to a suit for the original consideration upon offering to deliver up the note. The substance of the whole argument appears to be, that when a note given for a debt has passed from the payee. for value, and he had ceased to be liable upon his transfer, that therefore the debt for which the note was given is paid. The Court think that this would be manifestly unjust, and we would require some very strong and decisive authority in favor of the doctrine, before we would hold it to be law.

We think, however, that the exceptions to the depositions were well taken. McConnell and Vansyckel were sued upon a joint contract. Their joint liability must in some way be proved, together with the amount of the plaintiffs' damages. Perhaps the fact that Vansyckel abided by his demurrer, and that a judgment was thereon entered against him would, on his part, admit the joint liability and nominal damages, and that the depositions would be sufficient as against McConnell to sustain the judgment. But they are used upon the assessment of the damages against Vansyckel, as well as upon the trial against McConnell, to prove the amount due, and are the only evidence produced to show the amount of damages sustained. Without them no judgment except for nominal damages could have been rendered against Vansyckel or McConnell either, the cause of action being upon a joint contract and liability. McConnell never appeared as attorney for Vansyckel, and he had no notice of the issuing of this commission, and no opportunity to file cross interrogations. When the commission issued, the demurrer to Vansyckel's plea was still unsettled. He was entitled to notice of the issuing of the commission, and service upon his co-defendant was clearly insufficient.

The judgment of the Circuit Court is reversed with costs, and the cause remanded with directions to that Court to award a *venire de novo.*

*Judgment reversed.*