PAUL J. SEMMES, et al., plaintiffs in error, vs. RANDOLPH L. MOTT, et al., defendants in error.

[1.] Several creditors of an insolvent corporation may unite in the same bill to charge the stockholders, who were also directors, for fraudulently abstracting the capital stock of the bank; and the bill is not objectionable to the charge of a misjoinder of both complainants and defendants.

[2.] It is premature to move, at the second Term, to dismiss a bill for want of prosecution, before all the defendants are served, and while a demurrer to the bill is still pending at the instance of those who are served.

[3.] A complainant at equity who has sued at law upon the same demand, cannot be compelled to elect in which form he will prosecute his rights, until after the defendant has filed his answer.

In Equity, in Mucogee Superior Court. Decision by Judge WORRILL, at November Term, 1858.

This was a bill in equity filed by Randolph L. Mott, and others, against Paul J. Semmes, and others.

By consent of parties in open Court, the demurrer filed to the bill, and the motions submitted by defendant, Semmes, were argued and decided together.

The demurrer was filed to said bill by Paul J. Semmes, on the grounds:

1st. That there was no equity in the bill.

2d. That there was a misjoinder of complainants.

3d. That there was a misjoinder of defendants—which demurrer was filed at the return Term of said bill, and a notice thereof given to complainants, and is a part of the record. The Court overruled the demurrer on all the grounds therein mentioned, and to this ruling and judgment of the Court, Paul J. Semmes excepted, and now assigns the same as error.

The first motion was one made by said Semmes, to dismiss the bill of complainants for want of prosecution; and in connection with this motion it was shown that the bill was returned to the May Term, 1858, of said Court, and Semmes and B. A. Thornton were served, and that no steps had been taken to serve the bank, or the other two defendants; no notice having been given complainants, except a verbal notice. The Court overruled this motion, and to this ruling and judgment said Semmes then and there excepted, and now assigns the same for error.

The next motion was made by Semmes, to compel the Columbus Omnibus Company, and R. L. Mott, the complainants to said bill, to elect whether they would proceed at law or equity; and in connection with this motion, it was shown that these two complainants had actions pending in said Court at law, by process of garnishment against Semmes, for the same claim or demand which the bill seeks to recover. The Court also overruled this motion, to which ruling and

Semmes et al. vs. Mott et al.

judgment of the Court, said Semmes then and there except-
ed, and now assigns the same for error.

JOHNSON & SLOAN, for plaintiffs in error.

WM. DOUGHERTY, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

[1.] As to the misjoinder of both complainants and defend-
ants in this case, which is an objection to parties, we hardly
think the exception well taken.    A decree can be so framed
as to protect the rights of all concerned.    Suppose the de-
mand of one complainant be $2,000, of another $1,000, and
of a third $500, and one of the defendants be held liable for
$2,000, another $1,000, and the third $500; the decree can
be so moulded as that each complainant shall recover his
proportionate part of these several sums.    To sue jointly, and
defend jointly, is the best for all concerned, where it can be
done.    We see no insurmountable obstacle in this case.

[2.] The bill in this case was filed to the May Term of
the Court, 1858.    Some of the defendants resided out of the
State; and all the parties had not been served at the Novem-
ber Term ensuing, when these several motions were made.
All the defendants are proper parties.    They are not all
necessary or indispensable parties.    Those that were serv-
ed filed a demurrer, which was then pending and undis-
posed of.    A motion to dismiss the bill for want of prosecu-
tion, under these circumstances, was obviously premature.
It is true that, under Mr. Stubbs' bill of 1857, to regulate
proceedings in equity causes, more diligence is required to
speed suits in chancery.    That measure took effect in April,
1858, and consequently, this case falls within it; still it con-
tains no provision which would justify this application.

It is insisted that an application of this sort must always
be preceded by a motion to show cause.    But we apprehend
the motion itself is in the nature of a *rule nisi.*    And of

course the opposite party must be allowed an opportunity to show cause before a judgment is rendered.

[3.] A third motion was made in this cause, to compel two of the complainants, who were proceeding at law, to enforce the same claims, to elect in which form they would prosecute their rights.

The English rule is never to compel an election until the answer of the defendant is filed. It may be replied, that the defendant can be made to answer here at law; and therefore, the reason for this chancery rule no longer exists. And this is true. Still we are not prepared to hold that this necessarily abrogates the old practice. Under Mr. Stubbs' bill, (*Pamphlet Acts*, 1857, *p.* 106,) the complainant may compel the defendant to testify on the stand, notwithstanding he has filed his answer. In other words, he is entitled to both examinations.

The converse of the proposition should hold, namely: that to be examined orally, as a witness at law, does not necessarily dispense with an answer in equity, to procure which, to be used as evidence at law, is the reason for the rule requiring the answer in equity to be filed before the complainant will be put upon his election.

As to the want of equity in the bill, my brother BENNING and myself cannot concur in rendering a judgment. And our colleague not presiding in the case, on account of sickness, we have directed the Clerk to certify this fact to the Circuit Court.

Judge McDONALD, on account of illness, did not preside in this case.