13  515
104  408

## WURTZ, AUSTIN & McVEIGH v. HART *et al.*

1. PLEA IN BAR. An action pending in the District Court of the United States, brought by creditors of an assignor, to set aside an assignment made for the benefit of creditors, is not necessarily a bar to a proceeding in a State Court to enjoin the assignee from paying dividends under such assignment.

2. RIGHTS OF SECURED CREDITORS UNDER AN ASSIGNMENT: A creditor under a general assignment, who has special security, may be required by the other creditors to resort to this, and can only claim a dividend upon the

amount remaining unpaid, after exhausting the property upon which he takes a special lien.

3. REMEDY IN EQUITY: STATUTE CONSTRUED. Section 1832, chapter 77 of the Revision of 1860, provides a method for excepting to the genuineness or correctness of a claim or demand, but does not afford any plain, speedy and adequate remedy, whereby creditors holding securities may be compelled to exhaust them before taking dividends under the assignment.

*Appeal from Johnson District Court.*

SATURDAY, JUNE 28.

IN EQUITY. The bill charges that Gower & Son, on the 20th of June, 1860, pretended to make a general assignment of all their property to Anson Hart, for the benefit of their creditors; that Hart accepted the trust, and is proceeding to execute the same; that, at the time of such assignment, petitioners were creditors of said Gower & Son, and have filed their claims with said assignee, within the time, and in the manner prescribed by the statutes of this State; that said Gower & Son had at the time, other property not passed to the assignee, but the same had been so incumbered and secreted, that the only security for the debts of petitioners, is what they may be able to derive from the assigned property, or by proceedings in equity, and that the proceeds of said assignment will not pay more than thirty cents on the dollar of the indebtedness.

It is further represented, that W. W. Kendrick & Co., and other creditors named, about the time of said assignment, or since or before, received from said Gower & Son securities, or payment for their claims in lands conveyed or mortgaged, or other property; that, notwithstanding this, the said creditors combining and confederating with said Gower & Son, to defraud petitioners, have filed with said assignee, their respective claims, without any payments acknowledged thereon, and insist that they are entitled to

Wurtz, Austin & McVeigh v. Hart.

receive the same dividend as petitioners, on the full amount of their demands; that such payment would be inequitable and unjust; that said assignee is about to pay said creditors, as well as petitioners, a dividend under said assignment, without making any deduction or allowance for the payments and securities aforesaid, and that he will make such payment unless restrained.

It is further shown that petitioners cannot state precisely what securities or payments have been received by said respondents, (creditors,) but are informed that large amounts have been so received.

Complainants also state that they have filed in the District Court of the United States, for the district of Iowa, their bill against said assignee and others, to set aside said assignment, upon the ground that it is fraudulent and void, and made to hinder, delay and defraud them, and other creditors of said Gower & Son; that they do not intend or propose to receive any dividends under said assignment, until said proceedings are determined; that, notwithstanding the pendency of said proceedings, the assignee is about to declare dividends, and make payments to said respondents, (creditors,) upon their claims so paid or secured in part or in whole.

The prayer is that the said creditors, the assignors, and assignee, may be made parties; that said creditors may disclose what payments or securities they have received; that they may be compelled to indorse on their claims all payments made; that they shall be required to exhaust any securities they may have before participating in the benefits of said assignment, or assign the same to the assignee, for the benefit of all the creditors; that the assignee be restrained from paying over to such creditors, and they from receiving any dividends, until the proper payments are deducted, or such securities transferred; and for general relief.

Kendrick & Co., and other creditors, moved to dissolve the injunction, substantially, because the bill was void of all equity. This motion, and a demurrer for the same cause were sustained, and complainants appeal.

*Grant and Edmonds & Ransom* for the appellant.

*Clarke & Davis* for the appellee.

WRIGHT, J. — We find no arguments in the cause, and are left to infer the positions assumed by respondents, from the causes set forth in the motion and demurrer.

It is there assigned that the petition shows another action pending in the United States District Court, and that petitioners are not entitled to this action at the same time. The pendency of such other action, however, is by no means a necessary bar to this. It is not suggested that an injunction was granted in that case to restrain the assignee from paying money received by him, from time to time, to the creditors, nor that the respondents (creditors) are parties to that bill. Not only so, but if an injunction had been asked and granted in that case, the assignee should be restrained, if, in defiance of that order, he treats the assignment as valid, and is about to pay a dividend upon the debts. But one further view upon this question will be seen, in the consideration of the other point relied upon by respondents, to wit: That complainants have a complete statutory remedy for the matters complained of by way of exceptions, as provided under ch. 77 of Revision.

This is a contest between the creditors. If Kendrick & Co. and those united with them were *paid* by Gower & Son any portion of their demands, and have failed to make the proper credits, insisting · upon the full amount of their claims, then, we are of the opinion, that under § 1832, of said ch. 77, complainants could except to the same, as shown by the assignee's report, and have their correctness

adjudicated. If, on the other hand, they have securities which they have failed to exhaust, then there is no plain, speedy and adequate remedy given to complainants by the statute, to compel them to resort to such securities before taking dividends under the assignment. A creditor under a general assignment, who has a special security, may be required by the other creditors to resort to this, and can only claim a dividend upon the amount remaining unpaid, after exhausting the property upon which he has such special lien. Or this same rule may be stated thus, that if a creditor has two funds out of which he may make his debt, he may be required to resort to that fund upon which another creditor has no lien. (*Dickson et al.* v. *Chorn et al.*, 6 Iowa 19.) And this is one and the main object of the present bill. The statute, in giving a party the right to except to any claim or demand of a creditor exhibited, and authorizing the District Court to hear the allegations of the parties in the premises, and to render judgment thereon, has reference more particularly to contests over the correctness or genuineness of such claims. Here, however, according to one part of this bill, or one view of it, complainants do not deny that respondents are entitled to the full amount of their claims, but say that they should be first paid out of their special fund or security. If they excepted to the report they could accomplish nothing, for they could not disprove the right of respondents to recover. Their right to recover would be undisputed. And it was never intended by the statute that all the various rights and equities of creditors should be settled exclusively and only in the manner there pointed out.

In our opinion, the decree below should be

Reversed.