PARSONS (FORBES v.). See Case No. 4,929.

## Case No. 10,776.

### PARSONS v. GREENVILLE & C. R. CO.

[1 Hughes (1877) 279.] [1]

Circuit Court, E. D. South Carolina.

CREDITOR'S BILL — PENDENCY OF GENERAL CREDITOR'S BILL IN ANOTHER COURT—JURISDICTION AND CITIZENSHIP.

1. The pendency of a general creditor's bill against a defendant in a court of a state, accompanied by the usual orders of injunction, does not necessarily forbid a creditor who is not a party to the bill from suing the same defendant in another court.

[Cited in Brooks v. Vermont Cent. R. Co., Case No. 1,964; Logan v. Greenlaw, 12 Fed. 14.]

[See Ex parte Balch, Case No. 790.]

[1] [Reported by Hon. William B. Woods. Circuit Judge, and here reprinted by permission.]

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

2. Especially is this so where the prosecution of this creditor's suit is merely for obtaining judgment, and is by proceedings not affecting the property of the defendant.

[Cited in Logan v. Greenlaw, 12 Fed. 14; Rawitzer v. Wyatt, 40 Fed. 610.]

3. More especially is this so where this creditor is the resident of a different state, and brings his suit in a circuit court of the United States.

[This was an action at law by Charles Parsons, Jr., against the Greenville & Columbia Railroad Company.]

WAITE, Circuit Justice. This action is brought to recover the amount due upon certain matured coupons of the second mortgage bonds of. the Greenville & Columbia Railroad Company. The only question submitted for our determination is, whether the pendency of a suit instituted by the state of South Carolina against the company in the court of common pleas of Richland county, on the 11th June, 1872, and the injunction granted therein on the 18th of the same month, can be pleaded as a bar to this action. The state is a creditor of the railroad company, and claims to have a lien upon all the property of the company as security. There are conflicting interests between the creditors, and disputes as to the order of liens. The validity of the bonds, to which the coupons in this suit belong, is denied by some creditors. The object of the suit commenced by the state is to adjust the rights of all parties, by ascertaining the amount due to each creditor, and determining the order in which he is entitled to payment out of the property of the company.

The prayer is as follows: "Wherefore the plaintiff herein, as well to protect the interests of the state in respect to her guarantee of the bonds of said company as to preserve unimpaired the rights and interests of the creditors of the company in respect to its property, prays judgment against the defendants. 1. That all the judgment creditors of the defendants be restrained by an order of this court from enforcing their judgment against the property of the defendants. 2. That all the other creditors of the defendants be restrained by an order of this court from instituting suit against the defendants, or, where they have already instituted suits. from further prosecuting the same. 3. That a receiver be appointed of all the property, assets, and effects of the defendants, to hold and keep the same subject to the further orders of this court. 4. That all the creditors of the defendants be required to prove their several debts, claims, and demands against the defendants, in accordance with an order to be herein made by this court. 5. That all the property of the defendants and the chartered rights and priorities therefor be sold to foreclose the mortgage to the plaintiff hereinbefore set forth and to bar the equity of redemption of all persons whomsoever, at such time and place as may hereafter be directed by this court. 6. That the defendants may be adjudged to pay any deficiency that may remain due to this plaintiff after applying all the proceeds of said sale applicable thereto. 7. That this court will make such other and further orders in the premises as may from time to time be necessary for the protection of the rights and interests of the plaintiff, and to preserve the rights of all creditors of the defendants and such as to equity and justice may appertain."

The injunction asked for was granted, and a further order entered as follows: "That John T. Green be appointed referee, with directions, by public advertisement for three months in one or more gazettes of this state, New York, and such other places as he may think proper, to call in the creditors of the said Greenville & Columbia Railroad Company to make proof before him of their several and respective claims, with liberty to the Greenville & Columbia Railroad or other parties to reply to such proof; that the said referee shall also take testimony as to the liens set up against the said company, their order of priority, and the amount respectively secured by such liens, with liberty to the said Greenville & Columbia Railroad Company or other parties to be heard in relation to the same; that the said referee make his report in all matters now referred, with leave also to consider and report any special matter which may come before him."

The plaintiff in this action was not named as a defendant in the suit instituted by the state, and has not been served with process therein. He has not appeared or presented his claim before the referee, neither has any receiver been appointed in that action. So far as anything appears in the case, the railroad company is still in the possession and enjoyment of all its property. The mere pendency of a suit to which a person may be made a party, but has not been, is certainly no bar to an action by him in another court. to enforce his own rights. An injunction binds no one except a party to the suit in which it has been granted, who has been actually subjected to the jurisdiction of the court, either by service of process or voluntary appearance. If the action relates to property, which the court has taken into its possession, it may protect its possession by appropriate orders, but it cannot operate upon the person of the owner until he has in some form been brought within its jurisdiction. An injunction acts upon persons, and not upon property except through persons. In this action, Parsons does not seek to subject the property of the company. His only object is to reduce his debt to judgment. For this purpose he has brought the company into court. His judgment when obtained will only bind the company and those who are bound by its acts. The rights of no other parties will be affected. Being a citizen of the state of New York, and the

railroad company a citizen of the state of South Carolina, he had the right to sue in the courts of the United States. Neither the state nor the company could deprive him of this right by any act of their own. This court has obtained jurisdiction of both the company and himself. We can therefore proceed to adjudicate between them. As no defence is made upon the merits, Parsons is entitled to his judgment for the amount of his claim. It will be time enough to consider how he can reach any portion of the property involved in the litigation pending in the state court for the purpose of subjecting it to the payment of his judgment, when he attempts to do so.