LAWRENCE, CITY OF (PARROT v.). See Case No. 10,772.

LAWRENCE (PIERSON v.). See Case No. 11,158.

---

## Case No. 8,141.

### LAWRENCE v. REMINGTON.

[6 Biss. 44.] [1]

Circuit Court, W. D. Wisconsin. April, 1874.

PRACTICE AT LAW—PENDENCY OF SUIT IN ANOTHER STATE—PLEA IN BAR.

1. The pendency of a suit in a court of general jurisdiction in another state, in which property sufficient to satisfy the demand had been attached, is a bar to a second suit in this court.

[Cited in Radford v. Folsom, 14 Fed. 100; The Haytian Republic, 57 Fed. 512.]

2. The rule in some courts that the pendency of an action in a foreign jurisdiction is not pleadable in abatement, does not apply where the plaintiff has secured his debt by attachment in such action.

This was an action upon a judgment recovered in this state in favor of the plaintiff [Mary J. Lawrence], to which the defendant [Henry W. Remington] has interposed two defenses: First. That an action is pending for the same cause in the district court of the state of Iowa, for the county of Muscatine, a court of general jurisdiction, in which the property of the defendant to an amount exceeding in value

the sum due upon such judgment and costs, has been attached and held to answer any judgment that may be recovered in said court by the plaintiff against the defendant, and that issue has been joined in said suit, and the same is now in readiness for trial. Second. The defendant's discharge under the insolvent laws of this state since the recovery of the judgments sued upon, and alleging that he was then and still is a resident of this state, and that the contract upon which the judgment was obtained was made in this state, and that the plaintiff when the contract was made, and at the time of obtaining such judgment, was also a resident of this state.

Tenneys, Flower & Abercrombie, for plaintiff.

J. H. Carpenter, for defendant.

HOPKINS, District Judge. These issues were by stipulation of the parties tried by the court, and the evidence fully sustained the allegations in the answer. But it was shown that, before the defendant instituted his proceedings in insolvency, the plaintiff had removed from the state and was not there, and has not since been a resident or citizen, and did not appear nor participate in those proceedings.

To parties not acquainted with the practice under the code of this state, the mode of pleading adopted here must seem quite anomalous. But the Code of Practice of this state allows parties to set up in their answers as many defenses as they have. This has been construed to allow matters in abatement and bar to be set up in the same answer, as was done here. Sweet v. Tuttle, 4 Kern. [14 N. Y.] 465; Gardner v. Clark, 21 N. Y. 399; Freeman v. Carpenter, 17 Wis. 126.

To avoid confusion, the judge, if the case is tried before a jury, orders a special verdict, and when it is tried by the court, he directs the kind of judgment to be entered, either in abatement or bar, as the case may demand.

In this case I think the action should be abated. The plaintiff having an action pending in the state of Iowa, for the same cause, and property attached there sufficient to pay the judgment, in case one is recovered, she cannot maintain this action in this court. This suit is wholly unnecessary, and a suit which is unnecessary is oppressive and vexatious, and should not be sanctioned or sustained by a court.

I know it is held in some cases that the pendency of an action in a foreign jurisdiction is not pleadable in abatement, and one reason assigned is that a party may not be able to obtain satisfaction of his judgment in such jurisdiction, if he obtain one, so that in order to furnish all reasonable facilities he is allowed to proceed in the courts of different states. Walsh v. Dur-

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

kin, 12 Johns. 99; Bowne v. Joy, 9 Johns. 221.

But I do not understand that this doctrine has been carried to the extent to allow a party who has secured his debt by attachment of property sufficient to satisfy his claim in a foreign jurisdiction, to sue in another jurisdiction without abandoning his prior suit. Embree v. Hanna, 5 Johns. 101; Wheeler v. Raymond, 8 Cow. 311, note a; Imlay v. Ellefsen, 2 East, 457.

In Earl v. Raymond [Case No. 4,243], it is held that the pendency of a suit in a state court, between the same parties, for the same cause of action, when it does not appear that any property had been attached, was pleadable in abatement in the federal courts. Justice McLean refers in his opinion to cases in 9 and 12 Johns., above cited, but declines to follow them. In Smith v. Atlantic Mut. Fire Ins. Co., 2 Fost. (N. H.) 21, the court sustained the plea of another action pending in the federal court of that state. The judgment of the Iowa court in the suit upon this judgment would be a bar, and pleadable as such to an action in this court upon the same judgment, if the suit were commenced after such judgment. It is now well settled that a judgment of a state court of competent jurisdiction merges the cause of action, so that a suit in the federal courts cannot be sustained upon the same cause of action. Mason v. Eldred, 6 Wall. [73 U. S.] 321; Eldred v. Bank, 17 Wall. [84 U. S.] 545.

According to that doctrine, I do not discover any reason in holding that the pendency of such suit should not be pleadable in abatement. If the judgment, when recovered, would be a bar, the pendency of the suit to recover it should operate as a suspension of the right to sue upon the same cause of action during such pendency.

I think, therefore, this action should be abated and the writ be quashed, and order judgment accordingly, without considering at all the second ground of defense.

To a plea of another action pending, it is a good replication that since the filing of the plea the suit had been dismissed. Chamberlain v. Eckert [Case No. 2,576].