The Central Railroad Company of New Jersey and others

*v.*

The N. J. West Line Railroad Company and others.

Complainants put to election between two suits pending, one in this court and the other in the circuit court of the United States for this district.

The latter court is not a foreign court.

A party may be compelled to elect between a suit here and one in a foreign court.

One of several defendants may call for such election after he has answered.

That there are parties, both complainant and defendant, in this suit in this court, who were not parties in the suit in the federal court, will not prevent this court from requiring such election, where the object of both suits and the relief sought are, in the main, identical.

Such election may, after answer, be enforced by order, upon motion.

Complainants required to elect within eight days after service of the order.

---

Bill for relief.   On motion that complainants elect.

---

Note.—Disagreement among the cases has arisen from the application rather than from any question as to the soundness of the rule, that where a party has two remedies for a wrong, and attempts to pursue both simultaneously, the court, on the defendant's application, will require him to elect which one to prosecute.  As concurrent suits at law and in equity.  *Simpson* v. *Sadd. 16 C. B. 26; 3 N. J. L. J. 67; Gamsby* v. *Ray, 52 N. H. 513; Laraussini* v. *Carquette, 24 Miss. 151; Cocke* v. *Dotson, 1 Tenn. 171; Pittsburgh R. R.* v. *Mt. Pleasant R. R., 76 Pa. St. 481; Singer* v. *Scott, 44 Ga. 659; Rogers* v. *Hoskins, 15 Ga. 270; Blair* v. *Cary, 9 Wis. 543; Cole* v. *Flitcraft, 47 Md. 312.*  See *Kirby* v. *Jackson, 42 Vt. 552.*

Central R. R. Co. of N. J. *v.* N. J. West Line R. R. Co.

*Mr. John P. Stockton, Attorney-General, Mr. R. Gilchrist* and *Mr. T. N. McCarter,* for the motion.

*Mr. F. T. Frelinghuysen* and *Mr. B. Williamson,* contra.

THE CHANCELLOR.

The bill was filed in 1879, by The Central Railroad Company of New Jersey, The American Dock Company, Francis S. Lathrop, receiver for the creditors and stockholders of the former company, and John C. Van Horne, against The New Jersey West Line Railroad Company, William L. Larned, receiver for the creditors and stockholders of that company, The Trustees for the Support of Public Schools, Asa Packer, Lloyd Chamberlain and others. Its object is to obtain relief against a certain grant of land under water, made by the state to the West Line Railroad Company. That company, and its receiver, are made parties because of the interest of the former as grantee, and the Trustees for the Support of Public Schools, because of a mortgage held by them, given for part of the consideration money of the grant. Under a decree of foreclosure of that mortgage,

The rule applies to suits for penalties. *Com.* v. *Churchill,* 5 *Mass.* 174; *State* v. *California Co.,* 13 *Nev.* 289. See *Com.* v. *Gilbert,* 6 *J. J. Marsh.* 184; *Jones* v. *Clay,* 1 *Bos. & P.* 191.

It has been held that a suit at law could not be stayed on account of a pending suit in equity (*Murphy* v. *Cadell,* 2 *Bos. & P.* 137; *Blanchard* v. *Stone,* 16 *Vt.* 234; *Peak* v. *Bull,* 8 *B. Mon.* 428; *Humphries* v. *Dawson,* 38 *Ala.* 204; *Williamson* v. *Paxton,* 18 *Gratt.* 475); nor a suit in chancery, on account of a pending action at law (*Black* v. *Lackey,* 2 *B. Mon.* 257. See *Davis* v. *Salter,* 2 *Cr. & J.* 466; *Ins. Co.* v. *Brune,* 6 *Otto* 588).

An exception to the rule is, that a mortgagee may foreclose his mortgage and sue on the bond at the same time (*Jones on Mort.* §§ 1215–1220; *Copperthwait* v. *Dummer,* 3 *Harr.* 258; *Morgan* v. *Sherwood,* 53 *Ill.* 171); although, as Chancellor Cooper says, in *Franklin* v. *Hersch,* 3 *Tenn. Ch.* 469, the reason of the exception is nowhere clearly stated; and in *Onderdonk* v. *Gray,* 4 *C. E. Gr.* 69, Chancellor Zabriskie denied a complainant his costs on foreclosure; and in some cases such double remedy has been refused altogether (*State Bank* v. *Wilson,* 9 *Ill.* 57).

There are other occasional exceptions which allow both remedies (*Lee* v. *Long, Wightw.* 72; *Haskins* v. *Lombard,* 16 *Me.* 140; *Kittredge* v. *Race,* 2 *Otto* 116; *Fisk* v. *Union Pac. R. R.,* 8 *Blatch.* 299; *Evans* v. *Single,*

obtained in this court, the premises in question were sold, December 26th, 1878, and at the sale were purchased by Lloyd Chamberlain. The sale was set aside on the ground of surprise.

The bill, according to its own statement, is filed to have the sale perpetually enjoined, and to have the grant declared invalid and void, to restrain any one claiming or to claim thereunder from setting up such title against the complainants, and from disturbing the complainants in their possession of the property, and to remove the cloud which the grant casts upon the complainants' title.

On the 10th of January, 1876, a bill in equity was filed in the circuit court of the United States for the district of New Jersey, by John Taylor Johnston, claiming, as grantee of the Central Railroad Company, and the Dock Company, against the West Line Railroad Company, the Trustees for the Support of Public Schools, and William L. Larned, receiver, for relief against the grant and the mortgage. In that suit a preliminary injunction was obtained, on the 5th of May, 1876, prohibiting the defendants therein from proceeding to sell the premises, and from disturbing the

---

*55 Ill. 455*) ; as an admiralty lien and suit for the debt (*Yeo* v. *Tatem*, *L. R.* (*3 P. C.*) *696, and cases cited; Russell* v. *Alvarez, 5 Cal. 48; Granger* v. *Judge, 27 Mich. 406, and cases cited; The Mali Ivo., L. R.* (*2 Ad. & Ec.*) *356; The Kalorama, 10 Wall. 204;* and see *Wood* v. *Fithian, 4 Zab. 838; Sawyer* v. *Eastern Co., 46 Me. 400*) ;. or bringing an action for matters previously submitted to an arbitration which is still pending (*Knaus* v. *Jenkins, 11 Vr. 288*).

As to concurrent remedies on other liens, see *Embree* v. *Hanna, 5 Johns. 101; American Bank* v. *Robbins, 99 Mass. 313; Thielman* v. *Carr, 75 Ill. 385; Barker* v. *Amark, 3 Beav. 64; Hecker* v. *Mitchell, 6 Duer 687; Lawrence* v. *Remington, 6 Biss. 44; Wurtz* v. *Hart, 13 Iowa 515; Monroe* v. *Castleman, 3 A. K. Marsh. 399.*

As to a special or qualified election, see *Franklin* v. *Hersch, 3 Tenn. Ch. 467; Thompson* v. *Graham, 1 Paige 452.*

A suit in a foreign court, however, does not always compel the plaintiff to elect (*West* v. *McConnell, 5 La. 424; Chatzel* v. *Bolton, 3 McCord 33; Barnes* v. *Willett, 19 How. Pr. 566; Davis* v. *Morton, 4 Bush 442; Grider* v. *Apperson, 32 Ark. 332; Allen* v. *Watt, 69 Ill. 655; Williams* v. *Ayrault, 31 Barb. 364; Osgood* v. *Maguire, 61 Barb. 54; Burrows* v. *Miller, 5 How. Pr. 51; Smith* v. *Lathrop, 44 Pa. St. 326; Humphries* v. *Dawson, 38 Ala. 199; De Armond* v. *Bohn, 12 Ind. 607; Yelverton* v. *Conant, 18 N. H. 123;*

possession of Mr. Johnston until the further order of the court. That injunction was dissolved in 1878, on the ground, as stated in the rule, that by force of the statute it continued in force only until the next term after it was granted, and had not been renewed. The premises were subsequently sold under the decree of foreclosure in this court before mentioned, and were purchased by Chamberlain. Some of the defendants in this cause, who are not parties defendant to the suit in the United States court, are made parties by reason of their interest as holders of liens or encumbrances on the premises under the West Line Railroad Company, and the rest by reason of their interest under the sale in foreclosure.

The bill in this suit states that the suit in the federal court was, in fact, instituted by the Central Railroad Company and the Dock Company, through John Taylor Johnston; that the conveyances by those corporations to him, under which alone he derived his title, were made merely for the purpose of giving jurisdiction to the federal courts, in order that those corporations might thus (in view of the interest of the state in the controversy) be enabled to avail

Trabuc v. Short, 5 Cold. 293; Wilson v. Ferrand, L. R. (13 Eq.) 362; Cox v. Mitchell, 7 C. B. (N. S.) 55. See, also, McLane v. Manning, Winst. (N. C.) Eq. 60; McGilvray v. Avery, 30 Vt. 538); and in this respect the English cases are said to include the courts of Scotland (Cowan v. Braidwood, 1 Man. & Gr. 382; Russell v. Smith, 7 M. & W. 810; Venning v. Loyd, 1 De G. F. & J. 193; Carron Iron Co. v. Maclaren, 5 H. of L. Cas. 416); Ireland (Sheehy v. Life Ass'n Co., 3 C. B. (N. S.) 597; Alexander v. Adams, 16 L. T. (N. S.) 384); Jamaica (Bayley v. Edwards, 3 Swanst. 703); Newfoundland (Henley v. Soper. 8 B. & C. 16; Foster v. Vassall, 3 Atk. 587); Canada (Young v. Barclay, 5 H. of L. Cas. 431); New South Wales (Bank of Australasia v. Nias, 16 Ad. & E. (N. S.) 717); the island of Grenada (Farquharson v. Seton, 5 Russ. 45); India (Ostell v. Lepage, 10 E. L. & E. 250, 5 DeG. & Sm. 95, 2 DeG. M. & G. 892); Wales (Morgan v. ———, 1 Atk. 408); the consular court at Constantinople (Barber v. Lamb, 8 C. B. (N. S.) 95); the United States (Cox v. Mitchell, 7 C. B. (N. S.) 55).

As to suits in other counties of the same state, see Claywell v. Sudreth, 77 N. C. 287. Also, federal courts in districts outside of the state where the action is pending. Cook v. Litchfield, 5 Sandf. 330; Lloyd v. Reynolds, 29 Ind. 299; Brooks v. Mills Co., 4 Dill. 524, and especially the note on 529 et seq., S. C. 2 Cent. L. J. 719; Lawrence v. Remington, 6 Biss. 44; Stanton v. Embrey, 3 Otto 548; Ins. Co. v. Brune, 6 Otto 588.

themselves of those courts as a forum for the litigation of the question in dispute. It seems undeniable, and, indeed, it is not questioned, that this suit is, so far as those corporations are concerned, for the identical cause, and for precisely the same relief as the suit in the federal court, except as to the sale under foreclosure, which occurred subsequently to the institution of the latter suit. There is, indeed, an additional complainant, John C. Van Horne, here. He makes common cause with the complainant corporations, because he is (though independently of them) affected by the same grant against which they seek relief. Motion is made that the complainant corporations elect in which forum, the federal or state, they will proceed. The suit in the federal court appears to have rested since the dissolution of the injunction, which took place on the 30th of November, 1878.

The complainants' counsel insist that the objection under consideration is not valid, and that, if made by answer, as it in fact is, it cannot avail the defendants before the final hearing; and if the defendants would avail themselves of it before final hearing on the merits, they must do so by

Where the federal court is held in the same district as the state court, the cases are conflicting; those maintaining that they are even then foreign, are: *Wadleigh* v. *Veazie, 3 Sumn. 165; White* v. *Whitman, 1 Curt. 494; Loring* v. *Marsh, 2 Cliff. 311; Parsons* v. *Greenville R. R., 1 Hughes 279; Bininger's Case, 7 Blatch. 168; Greenwood* v. *Rector, 1 Hempst. 708;* while those holding the contrary are: *Presb. Church* v. *White, 4 Am. Law Reg. 526; Earl* v. *Raymond, 4 McLean 233; Smith* v. *Atlantic Ins. Co., 2 Fost. (N. H.) 21; Nelson* v. *Foster, 5 Biss. 44; Wood* v. *Lake, 13 Wis. 84; Wurtz* v. *Hart, 13 Iowa 515; Whitridge* v. *Taylor, 66 N. C. 273; McConnell* v. *Stettinius, 7 Ill. 707; Mitchell* v. *Bunch, 2 Paige 606.* See *Hatch* v. *Spofford, 22 Conn. 495; Barney* v. *Patterson, 6 Har. & Johns. 182; Williams* v. *Wilkes, 14 Pa. St. 228; Cunningham* v. *Campbell, 3 Tenn. Ch. 488.*

After a suit begun in one state, the plaintiffs sued for the same cause in another, and pursued it to judgment,—*Held,* that the judgment was a bar to the first suit. *North Bank* v. *Brown, 50 Me. 214;* also, *Baxley* v. *Linah, 16 Pa. St. 241; Paine* v. *Schenectady Ins. Co., 11 R. I. 411.*

One of several defendants, without the concurrence of the others, has the right to compel an election. *Bradford* v. *Williams, 2 Md. Ch. 1.*

The second suit must be for substantially the same subject matter (*Carlisle* v. *Cooper, 3 C. E. Gr. 241; Macey* v. *Childress, 2 Tenn. Ch. 23; Rattenbury* v. *Fenton, Coop. temp. Brough. 60; McEwen* v. *Broadhead, 3 Stock.*

plea, and that, therefore, the motion cannot prevail. ˉ They further insist that the mere pendency of a suit for the same cause in a foreign court, or in a court of the United States, cannot be pleaded in abatement or in bar to a proceeding in a state court. The defendants, in whose behalf the motion is made, The Trustees for the Support of Public Schools, have answered.

A complainant who has two suits, one at law and the other in equity, or both in equity, pending for the same cause, at the same time, will be put to his election, except in the case of foreclosure of mortgage, in which case both a suit at law and a suit in equity, at the same time, may be maintained. *Story's Eq. Pl.* § *736 ; Way* v. *Bragaw, 1 C. E. Gr. 213 ; Conover's Ex'r* v. *Conover, Sax. 403 ; McEwan* v. *Broadhead, 3 Stock. 129 ; Moore* v. *Grubbs, 3 B. Mon. (Ky.) 77 ; Brown* v. *Wallace, 2 Bland 585, 601.* And the defendant may call for the election as soon as he has filed his answer.

In *Mitchell* v. *Bunch, 2 Paige 606,* cited by complainants' counsel, there was a suit at law in the federal court, and a suit in equity in chancery of the state of New York. Though the chancellor, indeed, said that the mere pendency of a suit in a foreign court, or in a court of the United

---

129 ; Davison v. Johnson, 1 C. E. Gr. 112 ; Ballou v. Ballou, 26 Vt. 673 ; Calaveras Co. v. Brockway, 30 Cal. 325; Bradford v. Williams, 2 Md. Ch. 1; Sullings v. Goodyear Co., 36 Mich. 313; McRue v. Singleton, 35 Ala. 297 ; Flint v. Sparr, 17 B. Mon. 513) ; and brought by the same parties, or in the same right (Higgins v. York Co., 2 Atk. 44; Henry v. Goldney, 15 M. & W. 494; Nunn v. Lomer, 13 Jur. 236 ; Wise v. Prowse, 9 Price 393 ; Snwter v. Dunston, 1 Mann. & Ry. 508 ; Fulton v. Golden, 10 C. E. Gr. 353; Botts v. Cozine, 2 Edw. Ch. 583 ; Walsworth v. Johnson, 41 Cal. 61 ; Beuch v. Norton, 8 Day 71; Cole v. Butter, 43 Me. 401; Stern's Case, 14 Ala. 597; Adams v. Gardiner, 13 B. Mon. 197 ; Atkinson v. State Bank, 5 Blackf. 84; Dawson v. Vaughn, 42 Ind. 395 ; O'Connor v. Blake, 29 Cal. 312 ; Fisk v. Union Pac. R. R. Co., 8 Blatch. 299; Davis v. Hunt, 2 Bail. 412 ; Paul v. Hurlbert. 5 Reporter 738; Osborn v. Cloud, 23 Iowa 104; Chase v. Bank, 56 Pa. St. 355; New England Screw Co. v. Bliven, 3 Blatch. 240. See Graves v. Dale, 1 Mon. 190 ; McConnell v. Stettinius, 7 Ill. 707 ; Thomas v. Freelove, 17 Vt. 138; Blackburn v. Watson, 85 Pa. St. 241; Parsons v. Greenville Co., 1 Hughes 279).

The pendency of another suit cannot be shown without pleading it (Percival v. Hickey, 18 Johns. 257; White v. Talmage, 35 N. Y. Sup. Ct. 223 ; Rizer v. Gilpatrick, 16 Kan. 564: Anderson v. Barry, 2 J. J. Marsh.

States, could not be pleaded in abatement or bar to a proceeding in a state court, he, at the same time, refused to regard the circuit court of the United States, sitting within the limits of his state, as a foreign court, and he also intimated that, had the notice in the suit before him been properly framed, he would have required an election, and, in fact, he did require the complainant to elect between bail in the federal court and *ne exeat* in the state court.

The right to put the complainant to an election is not confined to suits brought in our own courts; but he may be compelled to elect whether he will proceed in this or in a foreign court. *1 Hoffm. Ch. Pr. 343; 1 Barb. Ch. Pr. (2d revised ed.) 247; Pieters v. Thompson, Cooper 294.*

In *Lathrop Sewing Machine Co. v. Bond and Lathrop Manufacturing Co.,* in this court, in 1868, the complainants were required, before answer filed, to elect between a suit in equity in New York and that suit.

If, in this case, the complainants should be permitted to proceed in both courts, there might result decrees diametrically opposite to one another and a conflict of jurisdiction. If so, which decree would prevail? Apart from the other considerations appropriate to the decision of this question,

---

*281; Hixon* v. *Schooley, 2 Dutch. 461.* See, however, *Haigh* v. *Paris, 16 M. & W. 144; Bissell* v. *Williamson, 7 H. & N. 391);* and it may be set up by answer or demurrer or plea *(Hornfager* v. *Hornfager, 6 How. Pr. 279; Morton* v. *Sweetser, 12 Allen 134; Curd* v. *Lewis, 1 Dana 351; Patterson* v. *Mercer, 23 Ind. 16; Schenck* v. *Schenck, 5 Hal. 276.* See *Blanchard* v. *Stone, 16 Vt. 234).*

But the plaintiff need not elect until after the defendant has answered *(Semmes* v. *Mott, 27 Ga. 92; Dunlap* v. *Newman, 52 Ala. 178);* and may then proceed by motion or petition *(Freeman* v. *Staats, 4 Hal. Ch. 814).*

*Semble,* the motion must be made in the *last* suit. *Ratzer* v. *Ratzer, 2 Abb. N. C. 461; Nicholl* v. *Mason, 21 Wend. 339; Bank of U. S.* v. *Merchants Bank, 7 Gill 415; Sherwood* v. *Hammond, 4 Blackf. 504; Renner* v. *Marshall, 1 Wheat. 215; Haight* v. *Holley, 3 Wend. 258.* See *Morton* v. *Webb, 7 Vt. 123; Williamson* v. *Paxton, 18 Gratt. 475.*

After an election to proceed in one court, the party cannot object to its jurisdiction. *McBroom* v. *Wiley, 2 Heisk. 58; Mortimore* v. *Soares, 1 El. & El. 399; Harrison* v. *Harrison, 39 Ala. 489.*

As to waiver of an election, see *Welchel* v. *Thompson, 39 Ga. 559; Washburn* v. *Great West. Ins. Co., 114 Mass. 175; Kittredge* v. *Race, 2 Otto 116.*—Rep.

it is the policy of the federal and state courts to avoid such conflicts.    *New Jersey Zinc Co.* v. *Franklin Iron Co., 2 Stew. 422.*

According to the practice, the complainants may be put to their election after answer, by order, upon motion.    *Way* v. *Bragaw, ubi supra, Gilb. For. Rom. 196 ; Dan. Ch. Pr. (4th Am. ed.) 815 ; Conover's Ex'r* v. *Conover, ubi supra.*

Manifestly, it is the dictate of justice that the Trustees for the Support of Public Schools should be spared the necessity of defending both suits.    In the main, the prayer of each bill is precisely the same and the relief sought in each suit identical.    The fact that there are other defendants in this suit than those in the suit in the federal court, or that there is another complainant here besides those who were the real complainants there, will not prevent this court from requiring the election.    *Story's Eq. Pl.* § *738 ; Dows* v. *McMichael, 6 Paige 139 ; Gardner* v. *Raisbeck, 1 Stew. 71.*

The complainant corporations should be required to elect. There will accordingly be an order that they elect within eight days after service of the order.    Such is the practice. *Boyd* v. *Heinzelman, 3 Ves. & Bea. 381 ; Rogers* v. *Vosburgh, 4 Johns. Ch. 84.*    If they elect to proceed in the federal court, the bill in this suit will be dismissed as to them, with costs, and if they elect to proceed here, they will be required to dismiss their bill in the federal court as a condition precedent to doing so.