ALBANY,
August, 1812.

BOWNE AND SEYMOUR *against* JOY.

BOWNE
v.
JOY.

THIS was an action of *assumpsit.* The defendant pleaded another action brought by the plaintiffs against the defendant, for the same cause, in the court of *common pleas* of the county of *Bristol,* in the state of *Massachusetts,* and there pending in that court, &c.

The plaintiffs demurred to this plea, and assigned causes of demurrer.

The cause was submitted to the court, without argument.

*Per Curiam.* It is not necessary to attend to the special causes of demurrer, because the plea is bad in substance. The pendency of a suit in a *foreign* court, by the same plaintiff against the same defendant, for the same cause of action, is no stay or bar to a new suit instituted here. This is the rule in the *English* courts, and it was carried so far in the case of *Maule* v. *Murray,* (7 *Term Rep.* 470.) as not to regard a foreign judgment which was taken subject to a case then undecided, as to the amount. The *exceptio rei judicatæ* applies only to final definitive sentences abroad, upon the merits of the case. (1 *Johns. Cases,* 345.) Nor is this analogous to the case of the pendency of a prior foreign attachment, at the suit of a third person, for here the defendant would not be obliged to pay the money twice, since payment at least, if not a recovery in the one suit, might be pleaded *puis darrein continuance* to the other suit; and if the two suits should even proceed, *pari passu,* to judgment and execution, a satisfaction of either judgment might be shown upon *audita querela,* or otherwise, in discharge of the other. According to the doctrine in *Sparry's Case,* (5 *Co.* 61.) this plea would not be good even in the supreme court of *Massachusetts,* because it is a plea of a suit pending in an *inferior* court.

*Judgment of respondeas ouster.*

The pending of a suit in another state, or a *foreign* court, by the same plaintiff against the same defendant, for the same cause of action, is no stay or bar to a new suit brought here; the *exceptio rei judicatæ* applies only to final or definitive sentences abroad, upon the merits of the case.