ALBANY,
Jan 1815.

WALSH
v.
DURKIN.

WALSH and GALLAGHAR *against* DURKIN and OTHERS.

THIS was an action of *assumpsit*. The declaration contained, beside the usual money counts, a special count for work and labour, and services done as agents of the defendants, &c. The defendants pleaded, in abatement, another action brought by the plaintiffs against the defendants, pending in the court of the *United States* for the fifth circuit and *Virginia* district, upon the same promises and undertakings as are set forth in the declaration in this suit. To this plea there was a demurrer, and joinder in demurrer.

*That another action between the same parties, for the same cause, is pending in the circuit court of the U S. for the Virginia district, cannot be pleaded in abatement of a suit in a court of this state.*

*P. W. Radcliff*, in support of the demurrer.
In the case of *Bowne & Seymour* v. *Joy*,* this court decided that the pendency of a suit in a *foreign* court, or a court of another state, between the same parties, for the same cause of action, was no stay or bar to a suit in the courts of this state. Debt does not lie on a judgment in the court of another state. Such judgment is merely *prima facie* evidence. So that, notwithstanding the judgment in a foreign court, the party may be sued here. It may be a question, whether this matter should be pleaded in bar or in abatement.

* 9 *Johns. Rep.* 221.

*Anthon*, contra. Another action pending for the same cause may be pleaded in abatement.†
The case of *Imlay* v. *Ellesfen*,‡ in the court of K. B. in *England*, is directly contrary to the decision of this court in *Bowne & Seymour* v. *Joy*.
The rule as to *foreign* courts or foreign states is not applicable in this case. The government of the *United States* extends over the whole country, and embraces the whole people. It cannot, as to any particular state, be regarded as a *foreign* government; nor are its courts foreign tribunals.

† *Comyn's Dig. Abat.* (H.) 24. *Bac. Ab. Abat.* (M.)
‡ 2 *East*, 453.

*Radcliff* in reply. The case of *Imlay* v. *Ellesfen*, arose on a motion to discharge the defendant on common bail, a matter

ALBANY,
Jan. 1815.

WALSH
v.
DURKIN.

wholly in the discretion of the court. Here there is a demurrer to the plea, which goes to the right of action.

Any of the courts of the *United States* out of the state of *New-York*, are, as it respects the courts of this state, foreign. Why are the courts in *Ireland* and *Scotland* regarded as foreign? It is not because they are transmarine, but because they are out of the jurisdiction of *England*. There is no relation between the jurisdiction of any court in this state and the circuit court of the *United States* in the *Virginia* district. They are totally distinct and independent tribunals, in distinct and independent jurisdictions. That court is bound to conform to the laws of the *United States* and of *Virginia*, not to the laws of *New-York*.

YATES, J. delivered the opinion of the court. To say that the proceedings of a court under the government of the *United States* could, in any respect, be received and treated like those of a foreign tribunal, by a court of one of these states, would seem to involve an absurdity. The present, however, is such a case, and, at the same time, it is perfectly reasonable that jurisdiction should be retained, to avoid the embarrassments which would inevitably ensue, if proceedings in the circuit court of the *United States* could arrest the progress of a suit brought in this court.

From the peculiar organization of the government of the *United States*, composed of several independent sovereignties, associated for purposes specified in the general compact, it is not at all surprising that in exercising concurrent powers, questions should be presented perfectly new, and, of course, not susceptible of elucidation by cases in the books, exactly analogous.

For a correct decision of those questions, therefore, principles in some measure applicable to each particular case must be resorted to.

The rule in the *English* courts is, that the pendency of a suit in a foreign court, by the same plaintiff against the same defendant, for the same cause of action, is no stay or bar to a suit instituted in one of their courts. It is the definitive judgment on the merits only which is by them considered conclusive, and we have frequently declared so as to suits instituted in

the courts of our sister states. The reasons assigned by this court, in the case of *Bonne & Seymour* v. *Joy*, (9 *Johns. Rep.* 221.) appear to me to be perfectly satisfactory. Those reasons are, that the judgment, at least, if not a recovery in one suit, might be pleaded *puis darrein continuance* to the other suit, and if the two suits should even proceed, *pari passu*, to judgment and execution, a satisfaction of either judgment might be shown upon *audita querela*, or otherwise, in discharge of the other.

This court has no greater connexion or interference with the court of the *United States* for the fifth circuit and *Virginia* district, than it has with any of the other state courts. The same principles, consequently, are applicable, and may be urged with equal propriety, in favour of retaining jurisdiction here. They are tribunals, in this respect, as independent of each other as they are of foreign courts.

The case of *Imlay* v. *Ellefsin*, (2 *East*, 453.) relied on by the defendant's counsel, does not interfere with this doctrine, nor is it applicable to the present case. That was an application to the discretion of the court; the defendant, by leave of a judge at his chambers, was holden to special bail on an affidavit made, and in support of a rule to discharge the defendant on common bail, a counter affidavit was received to show that he had before been holden to bail in *Norway*. The rule was refused, and Lord *Ellenborough*, in giving the opinion of the court, says, " The question here is, whether we have presented to us, with sufficient distinctness, that the defendant stands in the situation of having been holden to bail in *Norway*, so that the plaintiff has the same security for his demand, and might have all the benefit of prosecuting his suit there, which he has here." The court of K. B. not knowing what the laws of *Norway* were, in that respect, did not feel themselves warranted to take from the plaintiff the benefit he was entitled to from their laws.

There is a manifest distinction between an application to be discharged on common bail, which (if granted) would not arrest further proceedings in the cause, or a plea like the present, going to destroy the remedy in this court altogether, or, at least, during the pendency of another action in a foreign court. The former is a decision resting in the discretion of the court, who might, with propriety, advert to equitable circumstances in their

determination.　But a question, like the present, not resting in discretion, and involving the jurisdiction of the court, the law appears to me to be too explicit to be misunderstood. Nor can I perceive that the principles laid down by Lord *Ellenborough*, on a motion for a discharge on common bail, are at all applicable.　The plea, in this instance, is bad, and there must be judgment of *respondeas ouster.*