## Samuel D. Colt *vs.* Alden Partridge.

A defendant may plead in abatement in the supreme judicial court, after removing an action into that court pursuant to *St.* 1840, *c.* 87, § 3.

A defendant in an action of assumpsit pleaded, in abatement, that he, before the commencement of the action, preferred a bill of complaint against the plaintiff, in the court of chancery in Vermont, upon the same promises declared on in the plaintiff's said action, as appeared by the records of said court of chancery; that the parties in the plaintiff's said action, and in the defendant's said bill, were the same, that said bill was still pending in said court in Vermont; that said court had jurisdiction of the subject matter declared on in said bill, which was the subject matter of the plaintiff's said action, and of the parties to the same; and that the plaintiff had appeared before said court in Vermont, and made answer to said bill, and submitted himself, and the subject matter of his said action against the defendant, to the jurisdiction of said court. *Held*, that this plea was insufficient to abate the plaintiff's writ.

Assumpsit for money had and received, money lent, and money paid. The original writ was made on the 7th of August 1843, returnable to the then next court of common pleas, and the damages demanded were $2000. The action was entered at the return term, and was removed by the defendant into this court, on the third day of that term, pursuant to *St.* 1840, *c.* 87, § 3, and entered by him in this court at May term 1844, when the defendant filed a plea in abatement, and praying judgment of the writ, " because, before the commencement of said action, to wit, on the 27th of May 1840, then before the court of chancery of the State of Vermont and the chancellor of the second judicial circuit of the State of Vermont, at Woodstock, in the county of Windsor, in said State, the defendant preferred his bill

ɔf complaint against said Samuel D. Colt upon the same notes or promises in this suit declared upon, as by the records and proceedings thereof in said court remaining, to wit, at Woodstock, in the county of Windsor and State of Vermont aforesaid, more fully appears : And the said Alden Partridge further saith, that the said parties in this and the former suit are the same and not other or different persons, and that the said former suit, so brought and prosecuted, is still depending in the said court at Woodstock, in the county of Windsor and State of Vermont aforesaid, and that the said court had jurisdiction of the subject matter declared upon in the said bill of complaint of the said Alden Partridge, which is the subject matter of this suit, and of the said parties to the same ; and the said Samuel D. Colt has appeared before said court at Woodstock, in the county of Windsor and State of Vermont, and made answer to said bill of complaint of said Alden Partridge, and submitted himself and the subject matter of this suit to the jurisdiction of said court of chancery in the State of Vermont ; and this the said Alden Partridge is ready to verify. Wherefore he prays judgment of the said writ in this suit, and that the same may be quashed."

Demurrer and joinder.

*Rockwell & Colt,* in support of the demurrer. The defendant, by removing the case into this court, has waived his right to plead in abatement. Such plea must be made at the first term, before imparlance. See *Thompson* v. *Hatch,* 3 Pick. 516. *Rathbone* v. *Rathbone,* 4 Pick. 92. *Ripley* v. *Warren,* 2 Pick. 595. The *St.* of 1840, *c.* 87, requires a defendant to swear that he believes he has a substantial defence, and that he intends to ɔring the cause to trial, in order to remove it into this court; and no appeal lies from a judgment on a plea in abatement. Under the old mode of bringing cases into this court by demurrer, a defendant could not plead in abatement in this court. *Eaton* v. *Whitaker,* 6 Pick. 465.

But the plea is bad in itself. *Non constat* that the plaintiff has appeared in the action pending in Vermont, except by counsel, and brought himself within the provisions of the constitution

of the United States, as to the " full faith and credit " which is
to be " given in each State to the judicial proceedings of every
other State." *Bissell* v. *Briggs*, 9 Mass. 462. The plea should
have averred that the plaintiff was personally amenable to the
courts in Vermont. See Bac. Ab. Abatement, M. *Hall* v.
*Williams*, 6 Pick. 240. *Newell* v. *Newton*, 10 Pick. 470.
Story's Conflict of Laws, § 549. Chit. Con. (5th Amer. ed.)
786 *a.* Pleas in abatement must not only contain the utmost
certainty, precision and technical accuracy, but must even anti-
cipate and exclude matter which in other pleadings should be
matter of reply. *Parsons* v. *Ely*, 2 Connect. 381. *Haywood*
v. *Chestney*, 13 Wend. 495.

If the defendant is entitled to any advantage from the pend-
ency of the suit in chancery in Vermont, it is only by an in-
junction from that court to stay proceedings at law. 2 Story
on Eq. § 889.

*Twining & Bishop*, for the defendant. By *St.* 1840, *c.* 87,
this action might have been commenced in this court, and the
purpose of the statute was to enable the defendant to transfer it
to this court, with all the rights which he would have had if it
had been commenced here. The original papers are required
to be sent here by the clerk.

That the plea is sufficient, see *Hart* v. *Granger*, 1 Connect.
154. *Embree* v. *Hanna*, 5 Johns. 101. *Wheeler* v. *Raymond*,
8 Cow. 311. *Buffum* v. *Tilton*, 17 Pick. 510.

Dewey, J. 1. It is objected on the part of the plaintiff, that
it was incompetent to receive this plea, and permit the same to
be filed, upon the state of facts above recited. Generally speak-
ing, pleas in abatement, being dilatory pleas, are required to be
filed at an early stage in the cause. In cases pending in the
court of common pleas, by the rules of that court, they are to
be filed within the first four days after the entry of the action;
and it would have been incompetent, under the former system
of appeals, to have allowed a plea in abatement to be filed after
the entry of the action in this court. I allude of course to those
pleas in abatement which set forth merely matters of defence
existing at the time of the entry of the action in the court of

common pleas. But under these rules, limiting the time for filing pleas in abatement, an exception was allowed in cases where there had been no laches; as in the case of those defendants who were out of the Commonwealth at the time of the service of the writ, and did not enter their appearance until the second term ; and other cases of like character.

The defendant's counsel insist that the present action was not governed by the rules of the court of common pleas before referred to, inasmuch as the suit, although originally instituted in that court, yet being transferred to this court, on the motion of the defendant, under the provisions of *St.* 1840, *c.* 87, it is here to be treated, to all intents and purposes, as an original action — as much so as if made returnable here. This leads us to the consideration of this statute, and the object and purposes designed to be secured by the right of removal and transfer of the cause to this court. This statute introduced the new principle limiting a trial by jury, and taking away the right of appeal after verdict, as to questions of fact. As to demands exceeding in amount the sum of $300, excepting in the county of Suffolk, where the sum of $600 is substituted, the plaintiff is allowed to institute his action in either court, at his election To secure an equal right to the defendant, to the selection of the tribunal that is to hear and determine the cause, as to its issues in fact, it is provided that he may, at the term the action is entered in the common pleas, remove the same to this court. To carry out this principle, and to secure to the defendant the full benefit of it, a construction must be given to the statute which will enable him to transfer to this court all questions arising in the suit ; and we find the provisions of the statute fully adequate to this object. " Upon such application, the court of common pleas shall proceed no further in the cause; but the same shall be removed to and be heard and determined by the supreme judicial court; and the clerk shall remove the original papers from the court of common pleas, and file the same in the supreme judicial court." *St.* 1840, *c.* 87, § 3. The cause is, by the provisions of the statute, transferred fully and to all purposes to this court, and is here to be proceeded in, as in the

case of an original action commenced here. Great practical difficulties would be found to result from adopting any other construction. If the plea in abatement were required to be filed in the common pleas, it must of course be subject to a defence upon an issue in fact or law, and might not be in order for a trial during the first term.

There is another consideration of some importance to the rights of the parties. From a judgment in the court of common pleas, upon a plea in abatement, there is no right of appeal, or of a further hearing, either in matter of law or fact. And although such pleas are ordinarily merely dilatory pleas, and founded upon alleged formal defects, and do not go to the merits of the case, yet they may be of a different character, and may essentially and substantially affect the rights and interests of the parties. To secure the same rights to the defendant, that the plaintiff enjoys in having his option to bring his action originally in this court, the defendant must have the right to transfer the action, when instituted in the common pleas, to this court, with all the grounds of defence, upon which he proposes to rely, open for the consideration of the court. We are satisfied, therefore, that this plea in abatement might be properly filed in this court, at the first term after the entry of the case here.

2. The further inquiry is as to the sufficiency of this plea, and whether the matters therein set forth are such as ought to abate the plaintiff's writ. The pendency of another action between the same parties, and for the same cause, may be a good ground for a plea in abatement. It is restricted to the same parties, except in a penal action, where a suit for the same cause has been instituted by a third person. Whether a plea in abatement, that another action between the same parties, and for the same cause, is pending in another State, is good, has not been decided here. In New York, such plea has been held bad. *Bowne* v. *Joy*, 9 Johns. 221. *Walsh* v. *Durkin*, 12 Johns. 99. The pendency of another action in another State will not be a good plea, unless the judgment in such action will be a bar to this. *Newell* v. *Newton*, 10 Pick. 470.

The plea before us states no case of an action by the present

plaintiff against the present defendant, pending in the court of chancery in the State of Vermont. It alleges the institution of such suit by the defendant against the plaintiff, and avers that said court has jurisdiction of the subject matter of the bill which is the subject matter of the present suit.

It is certainly an unusual state of facts, to find such plea of the pendency of a former suit founded upon the fact of a prior suit instituted by the defendant against the plaintiff in such second suit. It somewhat conflicts with the reason assigned in the elementary books for allowing such plea in abatement, viz " that if it were allowed that a man should be twice arrested, or twice attached by his goods, for the same thing, by the same reason he might suffer *in infinitum.*" The objection, that the parties are not in the same relation, seems entitled to some consideration. It was held, however, by a majority of the court, in *Hart* v. *Granger,* 1 Connect. 154, not to be a decisive objection. That was a case where the first bill sought to enforce a contract, and the second was an application to set it aside. It is said also in Bac. Ab. Abatement, M., that the law wil not allow a second *quare impedit* to be brought for the same presentation, by the defendant against the plaintiff, where there is one already pending in court, brought by the party who is defendant in the second suit ; and the reason assigned is, that the defendant can have the same remedy on the first writ as he could on the second. It seems to us that if such plea can be sustained when the parties stand in different relations, it can only be so when the first suit affords a full, plain and adequate remedy to the defendant in such suit, and opens all the grounds set up as the foundation of the second suit. Here the first suit was by the promisors of the notes sought to be enforced in the present suit. The plea alleges that the former suit was " upon the same notes." But it was a bill in chancery, and for aught that appears it was a mere bill of discovery, or having some collateral purpose ; so that, although the present plaintiff may have appeared and made answer to the bill, yet it by no means appears that the payment of such notes, if legally due, could be enforced by any judgment properly rendered upon such bill.

But further; the suit in Vermont was by a bill in chancery, and the present action is one at common law. The pendency of a bill in equity has not usually been considered as a sufficient ground for sustaining a plea in abatement to an action at law. When both suits are commenced by the same party, it may furnish a proper occasion for a motion to require the party to elect which action he will first proceed in; and this is the proper course in the case I have stated.

In the present case, the plea in abatement is insufficient, and the demurrer is therefore sustained.