Hirschfeldt et al. *against* Fanton and others.

In an action of trover, a conversion proved by refusal to deliver up the article when demanded, is sufficiently answered by proof, on the part of the defendant, that it was taken out of his hand by virtue of a foreign attachment in which it was claimed as the property of a third person.

The writ of attachment and return duly certified according to the act of congress, is sufficient for this purpose, without further proof of any proceedings upon it.

An agent or servant, entrusted by his master or principal with chattels for a certain purpose, cannot, in an action by such principal or master for such chattels, set up a superior title in a third person.

TROVER, for divers goods, &c.

Plea, general issue, with special notice that the goods, in the declaration mentioned, had been taken out of the possession of the defendants by process of foreign attachment duly issued, in the state of Connecticut, against one Cain, alleged to be the owner, and that the proceedings were still depending in the courts of that state undetermined.

The plaintiffs were wholesale tailors, and the defendants (who were residents in Connecticut,) were employed by them to make up garments of various kinds, the materials, duly cut out, being furnished to them by plaintiffs. These facts were proved by the plaintiffs, and the conversion was

established by a letter, written to the plaintiffs by the de-
fendants, announcing that the said goods had been taken
out of their hands by process of foreign attachment against
said Cain.

On this evidence the plaintiffs rested, and defendants
moved a non-suit, insisting that the plaintiffs had made the
letter evidence for both parties, and that it clearly showed
that there was no conversion.

Jones, C. J.   Suppose he had written that he could not
deliver them, because they had been stolen from him, would
this relieve him from the necessity of proving' that fact?
There is sufficient evidence of conversion ; the defendant
must make proof of the matters of defence alluded to in
his letter.

The defendants then offered to prove :
1. That the goods, so received by them from the plain-
tiffs, were the property of one Cain, and not the property
of the plaintiffs.
2. That, upon a foreign attachment issued against Cain,
in the state of Connecticut, said property had been taken
out of his hands, and that the proceedings, on said writ,
were still depending undetermined, in the courts of that
state.

The plaintiff insisted that the defendant, being his ser-
vant and agent, and having received the property for him
to manufacture, could not assail his title, and, on the con-
trary, was bound to assert and defend it.   He also insisted
that the pendency of the foreign attachment ought to have
been pleaded in abatement, and was not matter in bar, and
on this last point relied on *Bowne* v. *Seymour*, 9 Johns.

Hirschfeldt et al. v. Fanton and others.

221; *Walsh* v. *Gallagher*, 12 Johns. 99; *Embree* v. *Hannon*, 5 Johns. 101; 4 Cow. 521, and 8 Cow. 315; Com. Plead. 2, Oc. 5; 3 East, 166.

JONES, C. J.    I think, with plaintiffs' counsel, that the defendants cannot raise any question about plaintiffs' title. I differ from him, however, in relation to the foreign attachment.    I think it is a complete answer to the conversion relied on, and that, with reference to the evidence on that part of the case, it is a clear bar.

The defendant then produced the writ of foreign attachment and return, duly certified according to the provision of the act of congress, in relation to records, and plaintiffs insisted that the issuing of it, and proceedings under it, ought to have been proved upon a commission.    That it was mere process and not a record, and could not be esteemed such until it had received the final action of the court.    That a plea or any other distinct part of the proceedings in a cause might, upon this principle, be certified as a record, contrary to the spirit of the act.

JONES, C. J.    I have much doubt on this point, but will receive it, leaving the plaintiffs to their remedy.(1)

Verdict for defendants.

*Cook* and *Anthon*, for plaintiffs.

*Shufeldt* and *Whiting*, for defendants.

(1) Refusal to deliver is not conversion, but evidence merely of conversion, and, therefore, may be rebutted.  2 Saund. 47, c.

Thus, in trover for some timber, which defendant found on his premises,

Hirschfeldt et al. v. Fanton and others.

and which had been deposited there by the permission of the servant of a former occupier.

The plaintiff, to whom the timber belonged, demanded it of the defendant, the latter said: "If you will bring any one to prove it is your property, I will give it you, and not else."

Lord Ellenborough. This is a qualified refusal, and no evidence of conversion. *Green* v. *Dunn*, 3 Camp. N. P. 215, notes.

The refusal must be absolute, amounting to a denial of plaintiff's title to the possession, and not a mere excuse or apology for not delivering the goods at present. *Severin* v. *Kessell*, 4 Esp. N. P. 156, and notes.

How far, in this case, it was the duty of the defendant to defend the property against the attachment. *Quæ et vide Smith* v. *Goss*, 1 Camp. N. P. 282.