## Case No. 1,955.

### BROOKS et al. v. MILLS COUNTY.

[4 Dill. 524;[1] 1 N. Y. Wkly. Dig. 387; 2 Cent. Law J. 719; 1 Law & Eq. Rep. 25.]

Circuit Court, D. Iowa, 1876.

PLEADING — PLEA IN ABATEMENT IN FEDERAL COURT OF THE PENDENCY OF ANOTHER SUIT IN THE STATE COURT.

1. A plea in abatement of a cause in the federal court that another suit is pending in a state court, is not good where the parties to the two suits are not the same.

[Cited in U. S. v. Dewey, Case No. 14,956; Brooks v. Vermont Cent. R. Co., Id. 1,-964. Distinguished in Radford v. Folsom, 14 Fed. 99; Latham v. Chafee, 7 Fed. 524.]

2. Whether a party, in the United States circuit court for any district, may plead in abatement of a suit therein the pendency of a prior suit within the same district, between the same parties, and upon the same subject matter, discussed, and the cases commented on, by Love, J.

[Cited in Brooks v. Vermont Cent. R. Co., Case No. 1,964; Seymour v. Malcolm McDonald Lumber Co., 7 C. C. A. 593, 58 Fed. 961.]

The complainants [John W. Brooks and Alpheus Hardy] exhibited a bill in equity to quiet the title to certain real estate, to which the defendant [Mills county] filed a plea in abatement, setting up the pendency of a suit in the district court of Mills county, Iowa, involving the same subject matter, to which plea the complainants replied that they were not made parties to the suit in the Mills county court. [Plea overruled.]

Hall & Stone, for plaintiffs.

D. H. Solomon and L. W. Ross, for defendant.

LOVE, District Judge. This cause is before the court upon a plea in abatement. The plea sets up the pendency of a prior suit upon the same subject matter, and between the same parties, in the district court of Mills county, Iowa. If the plea really presented the question which the pleader intended to raise, it would be one of no little difficulty. That question is whether or not a party may, in the United States circuit court for any district, plead in abatement of a suit therein the pendency of a prior suit in a state court within the same district, between the same parties, upon the same subject matter. This precise question has never been decided by the supreme court of the United States. It seems, however, to be assumed by counsel that it has been repeatedly decided by the circuit courts of the Union. We shall presently see how much of truth there is in this assumption.

Let us first, however, consider the question in the light of reason and sound policy. If the circuit court of the United States. and a state court in the same federal district, may

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

proceed at the same time to adjudicate the same matter between the same parties, what results must inevitably follow? First, the suitor would be harassed by the same litigation in two several tribunals of competent jurisdiction. Congress has seen fit so to frame the law as to leave the state courts in possession of concurrent jurisdiction with the United States circuit court in civil actions and suits between citizens of different states. Why, then, should the suitor be harassed with two suits at the same time, for the same matter, before two courts of competent and concurrent jurisdiction?

Two courts so proceeding and exercising judicial power within the same territorial limits would move upon parallel lines, with no authority to review each other's judgments, and no common superior to bring them into harmony. Thus the federal court might decide the controversy for the plaintiff and the state court for the defendant, so that the parties would have a conflicting adjudication of their rights. The judgment of the one court might be a lien upon the defendant's property, and the judgment of the other a lien upon the plaintiff's property. The one might proceed to levy execution upon the plaintiff's goods, and the other upon the defendant's goods. All this would lead to "confusion worse confounded." It would tend to bring the two jurisdictions into unseemly and dangerous conflict.

But it is said that this evil of conflicting adjudications could be prevented by very simple means. The party first obtaining judgment could go into the other jurisdiction and plead his judgment puis darrein in bar of the action there pending. It is evident, however, that this remedy might prove utterly impracticable and ineffectual; since the two courts might render diverse judgments on the same day, or, at all events, at times so near as to render it impossible for the successful suitor in the one court to set up his judgment in bar in the other. Again, the unsuccessful suitor in the one court might very easily suspend the judgment against himself by appeal or otherwise, so as to prevent his successful adversary from pleading his judgment in bar in the other jurisdiction in time to make the plea effectual. It would, therefore, seem most rational and just that a plea in abatement should be allowed in order to avert consequences so mischievous.

It must, however, be conceded that the current of authority, so far as there is any authority on this question, runs in opposition to the plea in question. The dicta of the United States circuit judges seem to proceed upon the assumption that the two jurisdictions are foreign to each other in the same sense that the courts of independent countries and of the different states of the Union are foreign to each other. Of course the pendency of a suit in a foreign country, or even in a state or district different from that of the court in which the plea

is urged, would be no matter of abatement. Where two jurisdictions exist and exercise judicial power over wholly different territories, there can be no such mischiefs to be apprehended as I have pointed out, flowing from conflicting adjudications and diverse liens, and processes of execution. Therefore no very serious mischiefs could arise from opposite and conflicting judgments upon the same subject matter, and between the same parties, in two or more different states of the Union. But the case would be otherwise if two such hostile judgments should be rendered by competent courts exercising judicial power within the same territorial limits. Yet some of the United States circuit courts seem wholly to ignore this manifest distinction, and to reason upon the subject as if the state courts and the federal circuit court in the same state exercised jurisdictions entirely foreign to each other. I have examined numerous state authorities, and I find that they go no farther than to establish the proposition that an action pending in a foreign court, or in a court of another state of the Union, or in a court of the United States in another state or district, cannot be pleaded in abatement. Browne v. Joy, 9 Johns. 221; Newell v. Newton, 10 Pick. 470; Walsh v. Durkin, 12 Johns. 99; McJilton v. Love, 13 Ill. 486; Mitchell v. Bunch, 2 Paige, 606; Salmon v. Wooton, 9 Dana, 422.

In all the reported cases in the federal circuit courts, except Loring v. Marsh [Case No. 8,514], the prior suits were pending either in the courts of foreign countries, or in the courts of other states, or in some United States circuit court for a district other than that of the court in which the matter in abatement was pleaded. White v. Whitman [Id. 17,561]; Lyman v. Brown [Id. 8,627]; Wadleigh v. Veazie [Id. 17,031].

Loring v. Marsh is not strictly in point, since it came before the court, not by plea in abatement, but by motion to continue the cause in the United States circuit court of Massachusetts, upon the ground that the same cause was pending in the supreme judicial court of that state. Mr. Justice Clifford, however, seems to have considered the motion analogous to a plea in abatement, and he discussed it in that view. Thus he says, "Cases may unquestionably be found deciding that the mere pendency of another suit for the same matter, between the same parties, in another jurisdiction, may be pleaded in abatement or in bar of another suit." But he adds that, "the undeviating rule in this circuit has been that the pendency of another action for the same cause in a state court is not a good plea in abatement." "Suppose, however," he adds, "it were otherwise, the rule would not apply to this case, because the nature of the proceedings is different, the parties are not the same, and there are questions presented for decision here which are not involved in the suit in

the state court." It will not escape notice that Mr. Justice Clifford admits that, even supposing the plea to be valid, the rule would not apply to the case he was deciding, "because the nature of the proceedings is different, the parties are not the same, and there are questions presented for decision here which are not involved in the state court." In view of this statement, the opinion expressed by the learned and venerable judge, that the pendency of a suit in the state court could not be pleaded in abatement or bar in the federal court in that state, appears to be something in the nature of an obiter dictum. I have examined carefully all the cases cited by him from the reports of state and federal decisions, and I do not hesitate to affirm that not one of them is in point to sustain his dictum when applied to such cases as Loring v. Marsh, and the case now before us. In the cases cited, the suits pleaded in abatement were pending invariably either in foreign countries, or in other states, or in United States judicial districts other than the one in which the plea was presented. Whoever may wish to verify this statement can readily do so by reference to the cases cited by Mr. Justice Clifford and also in this opinion. I have not examined all the English cases, but I apprehend that such of them as appear to be opposed to the validity of the plea relate to the pendency of prior actions in the courts of foreign countries, or of the British colonies, or Scotland, or Ireland, all of which are foreign to the English judicature. I venture to state that an English case cannot be found in which it has been held that the pendency of a suit in one of the courts of Westminster was not a good plea in abatement to a subsequent suit in another of the courts of Westminster of concurrent jurisdiction. Maule v. Murray, 7 Term R. 470; Imlay v. Ellefsen, 2 East, 453; Dillon v. Alvares, 4 Ves. 358; Foster v. Vassall, 3 Atk. 587; Bayley v. Edwards, 3 Swanst. 703; Howell v. Waldron, 2 Ch. Cas. 85; 2 Daniell, Ch. Pr. 721; Story, Eq. Pl. 741.

The case now before us presents no real difficulty, since it appears upon the face of the plea that the parties to the suit in the state court are not the same as the parties to this bill. The plea must, therefore, be overruled, and the respondent required to answer. Plea overruled.

NOTE [from original report]. The adjudged cases do not conclude the exact point that a defendant may plead in abatement in the federal court the pendency of a prior suit, within the same district, between the same parties, and upon the same subject matter. The following is a brief abstract of the more important cases upon the subject:

Lyman v. Brown [supra].—Mr. Jenckes, at the present term, moved for leave to plead puis darrein that the plaintiffs had recovered a judgment against the defendants for the same cause of action in the province of Lower Canada. By the Court.—The defendant could not have pleaded the lis pendens in a foreign jurisdiction in abatement of this action. See, on this point,

Hart v. Granger, 1 Conn. 154; Ralph v. Brown, 3 Watts. & S. 399.

White v. Whitman [supra].—In the circuit court for the district of Rhode Island. Plea: The pendency of another action previously commenced in the superior court of the county of Windham, in the state of Connecticut. By Judge Curtis.—"The pendency of another action in a foreign court for the same cause is not a good plea in abatement at common law. The question is whether the court of Connecticut is to be considered a foreign court within the meaning of the law. In Browne v. Joy, 9 Johns. 221, it was held that such a plea of a former action in another state was not a good plea, and in Walsh v. Durkin, 12 Johns. 99, the same law was held applicable to a plea of a former suit in a circuit court of the United States."

Wadleigh v. Veazie [supra] was decided upon the express ground that the parties were not the same, nor the subject matter the same. In all cases in which the pendency of another action is pleadable to the second suit, two things must concur: First, that the second suit must be by the same plaintiff against the same defendant; second, that it should be for the same cause of action. "All the cases agree that the plaintiff must be the same. In the present case it is impossible to say that the cause of action is the same."

In Salmon v. Wooton, 9 Dana, 423, much relied upon by Mr. Justice Clifford, in Loring v. Marsh [supra], the plea was offered in the court of chancery of Kentucky. It set up the pendency of a former action in the circuit court of Clarke county, Indiana, another state.

In Browne v. Joy, 9 Johns. 221, the defendant pleaded in the New York court the pendency of another action for the same cause in the court of common pleas of Bristol, Massachusetts. The plea was held bad upon the ground that the Massachusetts court was a foreign court.

In Walsh v. Durkin, 12 Johns. 99, the plea was the pendency of another action in the United States circuit court for the district of Virginia. This is the case referred to by Mr. Justice Curtis in White v. Whitman, in which he says "the same law was held applicable to a plea of a former suit in a circuit court of the United States." But the circuit court of the United States was for the district of Virginia, whilst the plea was presented in a state court of New York.

In Mitchell v. Bunch, 2 Paige, 606, the bill prayed for a writ of ne exeat republica, to restrain the defendant from leaving the state of New York until discovery and relief could be obtained. A ne exeat was allowed and bail fixed at $1,000. The defendant then filed an affidavit showing that the complainant had also caused him to be arrested in the circuit court of the United States, and to be holden to bail in an action of debt on the same judgment which was the foundation of this proceeding, which suit was still pending. The chancellor ordered the ne exeat to be discharged, on the ground that "where a judgment debtor has been sued upon the judgment in the circuit court of the United States, sitting within the same state, and held to bail in such suit, and a bill has been filed against him in the court of chancery to obtain payment of the same judgment, and a ne exeat issued thereon against him, the ne exeat will be discharged, unless the complainant elects to release the defendant from the arrest and bail in the circuit court of the United States;" the chancellor saying that, "it certainly cannot be necessary, for the protection of this complainant's rights, that the defendant should be compelled to give security in two different suits pending at the same time in different courts, and for the recovery of the same debt." The observation of the chancellor that "the mere pendency of a suit in a foreign court, or in a court of the United States, cannot be pleaded in abatement or in bar to a proceeding in a state court," is mere obiter, at best. The observation would, however, be strictly just if the chancellor referred to a United States court sitting in some other state or district. In McJilton v. Love, 13 Ill. 486, the prior cause pleaded was in the state court of Missouri. The plea was presented in a state court of Illinois. In Haight v. Holley, 3 Wend. 258, the plea was the pendency of a subsequent suit, which was, of course, bad, and so held. But Marcy, J., remarks that "Where two suits are commenced for the same cause of action at different times, the pendency of the former may be pleaded in abatement of the latter." In Newell v. Newton, 10 Pick. 470, the court held that "a plea that, before the action was commenced, the same plaintiff impleaded the same defendant for the same cause of action in the court of another state, without averments showing the jurisdiction of the court of such state over the subject and over the parties, is not a good plea in abatement." Whether with such averments the plea would be good, quaere?

It is clear that the foregoing cases do not go to the length of holding that the pendency of a prior suit in a state court is not a valid plea in abatement to a suit for the same cause and between the same parties to an action in a United States court sitting in the same state. Mr. Justice Miller, in a case in the Minnesota circuit, June term, 1875, held that where the prior suit pending in the state court was not of sufficient scope to afford all the relief sought in the second suit in the federal court, and would not be conclusive on all the parties as to such relief, it could not be pleaded in abatement; and so the learned justice thought in respect of the absence of parties in the first suit having an interest in the matter in litigation in the second. And he intimated his inclination to the opinion that where the parties are identical and the scope of the subject matter equally so, the pendency of a prior suit in the state court within the territorial limits of the district where the second suit is brought in the federal court, may be properly pleaded in abatement, or, at all events, will operate to suspend the action in the latter.