## LATHAM *v.* CHAFEE.

*(Circuit Court, D. Rhode Island. April 27, 1881.)*

1. PLEA IN ABATEMENT—SUIT PENDING IN STATE COURT.
    The pendency of a suit in equity in a state court cannot be pleaded in abatement or bar of a like suit involving the same subject-matter, and between the same parties, in a federal court.—[ED.

In Equity.

Defendant set up the following plea in bar of the bill:

"This defendant, by protestation, not confessing or acknowledging the matters and things in and by said bill set forth and alleged to be true in such manner and form as the same are thereby and therein set forth and alleged for plea to the whole of said bill, saith: That at the October term, A. D. 1877, of the supreme court of the state of Rhode Island, held in and

for the county of Providence, the Cranston Savings Bank, the People's Savings Bank, the City Savings Bank, the Union Savings Bank, each a corporation duly created by the general assembly of the state of Rhode Island, located and doing business in the city of Providence, in the county of Providence, and other parties, all creditors of the A. & W. Sprague Manufacturing Company, and holders of its mortgage extension notes mentioned in said bill, as well in their own behalf as in behalf of all other creditors of the said corporation, the A. & W. Sprague Manufacturing Company, in said complainant's said bill named, exhibited their bill of complaint in said supreme court against the said A. & W. Sprague Manufacturing Company, and the said William Sprague, Amasa Sprague, as copartners, doing business under the firm of A. & W. Sprague, and against this defendant, as trustee under said trust conveyance, dated November 3, 1873, and as trustee or assignee under said deed of assignment, bearing date April 6, 1874, from said A. & W. Sprague Manufacturing Company to this defendant, in said complainant's (Mary Anna Latham's) said present bill of complaint mentioned and referred to, praying that this defendant might be removed from his office as trustee under said conveyance, bearing date the first day of November, A. D. 1873, and that some suitable person or persons might be appointed trustee or trustees in his stead, and also praying that this defendant might be removed from his office as assignee under said conveyance, dated the sixth day of April, 1874, and that some suitable person or persons might be appointed assignee or assignees in his place and stead, and also praying that this defendant might be required to render an account of his doings as trustee and as assignee as aforesaid, and to make proper conveyances of the property and estate in his hands to the trustee or trustees, and the assignee or assignees to be appointed in his stead: and also praying that his agent and servants might be enjoined from interfering with, managing, or controlling the property and estate embraced in the conveyances aforesaid, in their bill of complaint set forth, and more especially from conducting the business of cotton spinning, calico printing, or other manufacturing business, except under the direction of said supreme court; and also praying such other and further relief in the premises as to said supreme court might seem meet. And this defendant, and all said other defendants named therein, were severally duly served with process issued from said supreme court upon said bill of complaint, so as aforesaid exhibited to them, and duly appeared and put in their joint and several answers thereto; and said complainants therein duly filed their replication to such answers; and said present complainant, Mary Anna Latham, as claiming to be a creditor of the said A. & W. Sprague Manufacturing Company as aforesaid, appeared and became a party to said former bill of complaint in said supreme court, and which said former bill is, as this defendant avers, now depending and remaining as of record in said supreme court, being yet undetermined and undismissed. And this defendant avers that the said bill now exhibited by the said Mary Anna Latham against this defendant, is for the same matter as the said bill before exhibited by said Cranston Savings Bank and other complainants against this defendant, and others in said supreme court as aforesaid;

and therefore this defendant doth plead the said former bill and answer in bar to the said complainant's present bill, and humbly prays the judgment of this honorable court whether he shall be put to make any other or further answer thereto, and prays to be hence dismissed with his reasonable costs and charges in this behalf most wrongfully sustained."

*Andrew B. Patten, Jerome B. Kimball, Roger A. Prior,* and *Benj. F. Butler,* for complainant.

*C. Frank Parkhurst, Jas. Tillinghast, Benj. F. Thurston,* and *Chas. Hart,* for defendant.

Before LOWELL and COLT, JJ.

COLT, D. J. The main question which arises upon the defendant's plea is whether the pendency of a suit in a state court between the same parties, and involving the same subject-matter, can be pleaded in abatement, or in bar, to a suit in the circuit court of the United States. It is undoubtedly true, as a general rule, that as between two courts of concurrent jurisdiction, that which first gets control of the litigation will be allowed to prosecute it to an end; and that consequently the pendency of another prior suit between the same parties, and involving the same subject-matter, may be pleaded in abatement of a subsequent suit in another court. But this rule does not extend to courts of foreign jurisdiction. It has been often held that the courts of a state are foreign, in this sense, to the courts of the United States.

In *White* v. *Whitman,* 1 Curt. 494, *Curtis,* J., says:

"The pendency of another action for the same cause in a foreign court is not a good plea in abatement at common law. The question is whether the court of the state of Connecticut is to be considered a foreign court within the meaning of this rule. In *Browne* v. *Joy,* 9 John. 221, it was held that such a plea of a former action in another state court was not a good plea; and in *Walsh* v. *Durkin,* 12 John. 99, the same law was held applicable to a plea of a former suit, pending in a circuit court of the United States. These cases seem to me to have been correctly decided, though the constitution and laws of the United States require that the judgments rendered in one state shall receive full faith and credit in another; yet, in respect to all proceedings prior to judgment, the courts of the different states, acting under different sovereignties, must be considered as so far foreign to each other that a remedy sought by judicial proceedings under one cannot be treated as a mere and simple repetition of a remedy sought under another. * * * And the same considerations are applicable to a second suit in a circuit court of the United States, while one is pending in a state court. In *Wadleigh* v. *Veazie,* 3 Sumn. 165, Mr. Justice Story declared that such a plea could not be allowed."

The same doctrine is laid down in the case of *Lyman* v. *Brown*, 2 Curt. 559.

In *Loring* v. *Marsh*, 2 Cliff. 322, 323, the court (*Clifford, J.*) says:

"The undeviating rule in this circuit has been that the pendency of another action for the same cause in a state court is not a good plea in abatement. * * * The same rule is established in most of the states."

After referring to cases where expressions may be found which may seem in conflict with this rule, the learned judge observes:

"None of these cases, however, decide the question under consideration, and I am of the opinion that the pendency of a suit in the state court cannot be pleaded in bar or abatement to a suit between the same parties in this court."

The same doctrine is maintained in the supreme court of the United States. In *Stanton* v. *Embrey*, 93 U. S. 554, the court express themselves as follows:

"Still it is insisted by the defendant in error that the pendency of a prior suit in another jurisdiction is not a bar to a subsequent suit in a circuit court, or in the court below, even though the two suits are for the same cause of action, *and the court here concurs in that proposition.* Repeated attempts to maintain the negative of that proposition have been made, and it must be admitted that such attempts have been successful in a few jurisdictions; but the great weight of authority is the other way."

And, again, in *Gordon* v. *Gilfoil*, 99 U. S. 178, decided in the supreme court at the October term 1878, this language is used:

"But it has been frequently held that the pendency of a suit in a state court is no ground even for a plea in abatement to a suit upon the same matter in a federal court."

That the general rule in equity causes is the same, cannot be doubted. The case of *Loring* v. *Marsh*, before referred to, was of this character.

In the case of *Insurance Co.* v. *Burnes' Assignee*, 96 U. S. 593, the supreme court lay down the rule at follows:

"The rule in equity is analogous to the rule at law. Story, Eq. Pl. § 741. In *Foster* v. *Vassall*, 3 Atk. 587, Lord Hardwicke said : 'The general rule of courts of equity, with regard to pleas, is the same as in courts of law, but exercised with a more liberal discretion.' In *Lord Dillon* v. *Alvares*, 4 Ves. 357, a plea of a pending suit in a court of chancery

in Ireland was overruled in the English court of chancery. Certain it is that the plea of a suit pending in equity in a foreign jurisdiction will not abate a suit at law in a domestic tribunal. This was shown in a very able decision made by the supreme court of Connecticut in *Hatch* v. *Spofford*, 22 Conn. 485, where the authorities are learnedly and logically reviewed. See, also, 7 Met. (Mass.) 570, and 16 Vt. 234. If, then, a bill in equity pending in a foreign jurisdiction has no effect upon an action at law for the same cause in a domestic forum, even when pleaded in abatement; *if, still more, it has no effect when pleaded to another bill in equity, as the authorities show,*—it is impossible to see how it can be a basis for an injunction against prosecuting a suit at law."

This examination of the subject, in the light of the authorities referred to, points to the conclusion that the defendant's plea cannot be sustained, and renders unnecessary the consideration of the other points raised. The arguments made at the hearing, with reference to the rule in cases where another tribunal with competent jurisdiction has already in some form acquired the custody of the property or *res* in litigation, are inapplicable.

Unless the decisions upon the subject in the cases of *Mallett* v. *Dexter*, 1 Curt. 178, and *Haines* v. *Carpenter*, 1 Wood, 262, can in some way be referred to this same distinction upon the ground of their being administration suits, they would appear to be inconsistent with the two later decisions from Curtis, as well as other authorities herein cited. In *Brooks* v. *Mills Co.* 4 Dill. 524, Judge Love held the plea bad upon other grounds, and his remarks that the courts, except in *Loring* v. *Marsh*, had not gone so far as to decide that another suit in a state court in the *same district* would not be a good answer, would seem to point to a distinction which can hardly be considered sound.

The plea is therefore overruled.