Nason Manufacturing Co. *v.* Rankin Ice Manufacturing Co.

---

## New York Marine Court.

*Special Term—November,* 1882.

## THE NASON MANUFACTURING COMPANY *v.* THE RANKIN ICE MANUFACTURING COMPANY.

The pendency of a suit in a foreign court by the same plaintiff against the same defendant, for the same cause of action, is no stay or bar to a new suit instituted here, and this although property has been attached in the foreign jurisdiction. But our courts may restrain our own citizens from proceeding in courts of a foreign jurisdiction pending proceedings in our courts.*

The defendant moves under section 1778 of the Code of Civil Procedure, for an order extending the time to answer. The action is upon two promissory notes

---

SHEA, Ch. J., filed the following opinion in BROWER *v.* BEARDS-LEE (*N. Y. Daily Reg.* December 27, 1882).

SHEA, Ch. J.—This is a motion to restrain the plaintiff from prosecuting this action in this court pending another action at law upon the same cause against the same defendant in one of the circuit courts of New Jersey. I know of no precedent which will warrant the granting of such a motion. There are exceptions to a general rule (Vail *v.* Knapp, 49 *Barb.* 299) wherein our courts will interfere by injunction to restrain our own citizens from proceeding in courts of a foreign jurisdiction pending proceedings in our own courts; but the motion made here is the reverse of this, and has not been granted by our courts (Bowne *v.* Joy, 9 *Johns.* 221; Walsh *v.* Durkin, *Id.* 99; Judge McADAM's opinion, Nason Manufacturing Co. *v.* Rankin Co.), and in England a motion like the present has been denied.

Motion denied, with $10 costs.

made by said corporation, and the defense proposed is that an action for the same cause has been commenced by the plaintiff against the same defendant in the city of Baltimore, Maryland, in which action an attachment has been levied upon property of the said corporation, more than sufficent in amount to satisfy the whole claim of the plaintiff ; that said action was commenced before this, and that it is still pending in a court of competent jurisdiction. The question presented is whether these facts constitute a defense.

*Hamilton & Lyon*, for the motion.

*A. S. Sullivan*, opposed.

McADAM, J.—The pendency of a suit in a foreign court by the same plaintiff against the same defendant, for the same cause of action, is no stay or bar to a new suit instituted here (Bowne *v.* Joy, 9 *Johns.* 221 ; Walsh *v.* Durkin, 12 *Id.* 99 ; 20 *Ind.* 457; 2 *Curtis C. Ct.* 559). There is no hardship in this, because the defendant cannot be obliged to pay the money twice, since payment in the one suit may be pleaded *puis darrein continuance* to the other ; and if the two suits proceed, *pari passu*, to judgment and execution, a satisfaction of either judgment may be shown, *audita querela*, or otherwise, in discharge of the other (Bowne *v.* Joy, *supra*).

This being the settled rule of law, I fail to discover how the circumstance that the creditor has secured his debt by attachment of property in the foreign jurisdiction can alter its effect. The security furnished by the mere service of such an attachment, in a legal sense, neither extinguishes nor diminishes the debt, and may not result in producing a satisfaction of the judgment ultimately recovered. The attachment itself may be vacated, superseded or otherwise discharged,

and the security released by proceedings had in the foreign jurisdiction, all without reference to any comity, credit or respect which may have been given to it in proceedings pending here. The decision in Lawrence *v.* Remington (6 *Biss.* 44) is not based on solid legal grounds nor on logical reasoning, and cannot be followed.

The matters proposed to be pleaded do not constitute a legal defense, and the motion for leave to plead them will therefore be denied.